## MILLEDGEVILLE COTTON COMPANY v. BACON.

FISH, C. J. The action was for breach of contract, it being alleged that the plaintiff was employed by the defendants to represent them as a cotton buyer in a named town for a stated period at a given salary, and his expenses when out of town on defendants' business. Defendants' answer admitted the contract of employment and the amount of salary alleged by plaintiff, but denied any agreement to pay expenses as claimed. The answer further admitted that defendants discharged plaintiff from their service about the time alleged by plaintiff, but pleaded justification in so doing, because plaintiff had been derelict in the discharge of his duties, was incompetent, and had violated the trust reposed in. him, the particulars being set forth. There was a further plea to the effect that plaintiff was short in his accounts with defendants in a stated sum, for which judgment was prayed against him. There was a verdict for the plaintiff, and the defendants excepted to the refusal of a new trial. *Held:*

1. The verdict was supported by evidence.
2. There was evidence to authorize the instruction excepted to, in reference to ratification by defendants as to the expenses claimed by plaintiff.
3. The court did not err in instructing the jury to the effect that the burden of proof was on the defendants to establish, to the satisfaction of the jury, by a preponderance of evidence, their plea of justification in the discharge of plaintiff. "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential." Civil Code, § 5746. The defense referred to was certainly. affirmative, and was, moreover, somewhat in the nature of confession and avoidance; and it is well settled that the burden in such cases, is upon the defendant to sustain his plea. See *Stewart* v. *Mynatt,* 135 *Ga.* 637 (70 S. E. 325); *Widincamp* v. *Widincamp,* 135 *Ga.* 644 (70 S. E. 566). This ruling is not in conflict with what was held in *Mobley* v. *Lyon,* 134 *Ga.* 125 (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004), relied on by plaintiffs in error. There the issue, was whether the alleged testatrix signed the instrument purporting to be her will; the propounders contending that she did, and the caveator contending that she did not. As the propounders held the affirmative of the issue, the burden was on them to sustain it.
4. The fact that the court, subsequently in his charge, repeated in substance the instruction referred to in the next preceding headnote, was not cause for a new trial. *Judgment affirmed'. All the Justices concur.*

AUGUST 14, 1912.

Action for breach of contract. Before Judge J. B. Park. Baldwin superior court. May 1, 1911.

*Hines & Vinson,* for plaintiffs in error.

*M. E. Evans* and *Allen & Pottle,* contra.