### 6102. CENTRAL GEORGIA TRANSMISSION CO. v. STORER.

WADE, J.  1.  The admission of irrelevant testimony is error, but not necessarily harmful error, or, in other words, such error as will require the grant of a new trial. For instance, the opinion of a witness as to the probable state of the weather at some time in the future might throw no possible light on any issue involved in a case on trial, and be therefore wholly irrelevant, but the admission of such testimony would not necessitate the grant of a new trial. Generally the connections, interests, and any other matters or things that may legitimately affect the credibility of a witness may properly be shown.

2.  If the evidence the admission of which is complained of in the 4th, 5th, 6th, and 7th grounds of the motion for a new trial was not admissible, it does not appear from the record that it resulted in any harm to the defendant, requiring the grant of a new trial.

3.  The 8th ground of the motion for a new trial complains of the re-

fusal to permit a certain question to be propounded to a witness, but it does not appear what evidence the question would have elicited, and hence this exception can not be considered. Besides, it does not appear from the record as a whole that the question related to or could have affected the sole issue before the jury for their consideration.

4. There was no error in admitting the evidence complained of in the 9th ground of the motion for a new trial, to the effect that the plaintiff spent as much time in carrying on the work of the defendant as he could spare from other consulting engineering work, since the original contract between the parties expressed an intention on the part of the defendant that the plaintiff should spend as much of his time in connection with this work during the early months of its pendency as he could spare from his other consulting engineering work.

5. There is no merit in the 10th ground of the motion for a new trial, which complains that the court excluded the testimony of a witness who succeeded the plaintiff in the work the latter contracted to do, which tended only to indicate how and in what manner this witness made reports, etc., to the defendant company as to the progress of his work. The evidence was obviously irrelevant.

6. There is no merit in the 11th ground of the motion for a new trial, which complains of the rejection of certain evidence which could only have amounted to a conclusion on the part of the witness.

7. Under his contract the plaintiff was to receive a certain amount for his services "while engaged in connection with securing power contracts" for the defendant company. Whether he was or was not competent as a solicitor or successful in his efforts could not affect his right to recover the agreed amount of compensation, if in fact he made all proper efforts, as contemplated by the contract, to carry out and perform his obligations thereunder. The court properly instructed the jury on this question, and their finding is conclusive on the point that the plaintiff was faithful in the performance of his contractual duties, and that there was no failure on his part which would cause a forfeiture of his right to recover under the terms of his contract.

8. The failure of the trial judge to submit to the jury the issue raised by the pleadings as to a rescission of the contract was not error, under the record in the present case.

9. Taking the charge as a whole, in the light of the entire evidence, there was no reversible error in any of the rulings complained of, and no substantial merit in any of the exceptions not explicitly ruled on here; there was testimony to support the finding of the jury, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*

Decided September 10, 1915.

Action for breach of contract; from city court of Macon—Judge Hodges. September 25, 1915.

*Hatcher & Smith,* for plaintiff in error.

*T. R. Gress, J. E. Hall, Charles G. Bloch,* contra.