*H. W. Johnson,* contra.

---

## LOVELL *et al.* v. FRANKUM.

1. The testimony did not authorize an instruction on the theory that the contract for breach of which the suit was brought was executed by both defendants.
2. In an action for damages for breach of contract to give a note, with deed to secure it for money loaned, in the absence of any special facts authorizing equitable relief, the plaintiff is not entitled to a special lien on the land for damages which he may recover.
3. The testimony referred to in this division of the opinion was irrelevant.
4. Expenses of litigation are not recoverable by the plaintiff in an action for breach of contract, when it does not appear that such contract (if made by the defendant) was entered into by him in bad faith or procured by fraud, or that he has been stubbornly litigious.
5. An admission in the pleadings by both parties is to be taken as true, and the record should not be burdened by proof of the fact admitted.

April 14, 1916.

Equitable petition. Before Judge Jones. Habersham superior court. May 4, 1915.

J. E. J. Frankum brought suit against Ellis Lovell and his wife, L. C. Lovell, alleging: The defendants, being indebted to one Craig in the sum of a hundred dollars, secured by deed to their land, applied to the plaintiff to borrow that sum with which to pay Craig. It was agreed between plaintiff and defendants, that, on the former advancing the money for them, they would make to him a deed to the same land, and he in turn would execute to them a bond for title conditioned to reconvey the land to them on payment of the amount advanced, with interest at eight per cent., in one year from the date of the loan. The plaintiff paid the

money to Craig, but the defendants refused to execute to him the deed pursuant to their contract. He alleged, that, "by reason of the breach of said contract on the part of the defendants, his debt is due and collectible, and he hereby sues for same; and that on account of said breach petitioner has had to go to large expense in the loss of time and employment of counsel to obtain his redress, in the amount of fifty dollars or other large sum, and that defendants, in equity and good conscience, should be made to pay same; and he hereby sues for said expense." He prayed for an injunction against the defendants' incumbering the land, and for such further relief to which as he might be entitled. He amended his petition by alleging, that, believing that the land belonged to Ellis Lovell in severalty, he advanced the money to pay off the debt contracted by him and his wife, which was secured by deed, and that Mrs. Lovell stood by and saw plaintiff pay over the money for that purpose, and therefore he was entitled in equity to a lien against her interest in the property. If Mrs. Lovell is not bound, then he prays judgment against Ellis Lovell for the amount advanced, and that such judgment be declared to be a lien in the nature of purchase-money against an undivided half interest in the land.

In their plea the defendants denied the plaintiff's allegations with reference to the procurement of the loan, and alleged, that William McClure, being indebted to Ellis Lovell for the labor of himself and his son, agreed to discharge the debt of defendants to Craig, and to that end McClure borrowed the money from petitioner; that the loan was not extended to defendants, but to McClure; and that they had paid McClure the amount that he procured from the plaintiff and paid to the defendants, and with which they discharged the lien upon their land. A verdict was returned for the plaintiff for the full amount of the principal, interest, and attorney's fees, with a finding that the amount of them be decreed to be a special lien upon the land.

*J. C. Edwards & Sons*, for plaintiffs in error.
*McMillan & Erwin*, contra.

EVANS, P. J. (After stating the foregoing facts.)

1. Although the petition as originally framed was denominated by the pleader to be an equitable petition, it was without any equitable feature. Nothing was alleged upon which any equi-

table prayer could be predicated. The suit was for a breach of contract. In the original draft of the petition the plaintiff alleged that he had contracted with both of the defendants to loan them a certain sum of money for the period of one year, upon their joint promise to give him a note therefor and secure the same by deed to their land. The action was instituted before the expiration of the year in which the loan was to become due. In the amendment the allegation that the contract (for the breach of which damages were claimed) was made by both defendants was not withdrawn, but the plaintiff further alleged that, believing the property belonged to the husband, he advanced the money to pay off the debt contracted by husband and wife, and which was secured by their joint deed, and that the wife stood by and saw him pay over the money to discharge the incumbrance, and that she was bound in equity and good conscience for the amount he so advanced to relieve her part of the land from the lien. No objection was made to the pleadings. Exception is taken to certain instructions predicated upon the theory that the evidence authorized an inference that the contract with the plaintiff was made by both defendants. We have carefully examined the evidence, and nowhere does it appear that the wife joined with the husband in making the contract with the plaintiff, or that he or any one else was authorized as her agent to make such a contract; and such charges were erroneous.

2. The court charged the jury: "If the evidence shows that there was a contract that the property should be conveyed, as heretofore stated, by the defendants to plaintiff, and the plaintiff paid off the incumbrance, and that the money paid was in the nature of purchase-money for the property, then you would find in favor of the plaintiff and set up a special lien on the property for the amount of the principal and interest." In the first place, the evidence did not authorize a charge that the wife was a party to the contract for the breach of which the plaintiff asks damages. If the evidence authorized a finding that the plaintiff loaned money to both defendants, which was used in paying off an incumbrance, the plaintiff would not be entitled in this action to any special lien on the land, as in the nature of purchase-money.

3. The court allowed the plaintiff to testify that after he had made the loan, and the money had been paid to discharge the incumbrance, Mrs. Lovell promised him that she would give a note

for the same. This testimony was inadmissible. If the plaintiff loaned the money to the husband, the subsequent promise of the wife to pay it is irrelevant on the question as to the making of the original contract for the breach of which the action is proceeding. The testimony bears no relation to the original contract, but is an effort to prove a subsequent promise to pay.

4. Objection was made to the testimony as to the value of reasonable attorney's fees for bringing the suit, and also to an instruction that the plaintiff, if entitled to recover, was entitled to recover expenses of litigation as part of his damages. The statute declares that expenses of litigation are not generally allowed as a part of the damages, but if the defendant has acted in bad faith and has been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense, the jury may allow them. Civil Code (1910), § 4392. The right to recover expenses of litigation for breach of contract "must be because of fraud, deceit, breach of trust, wilful misappropriation of funds, or fraud in securing a contract, or property thereunder. For expenses of litigation are not allowed for bad faith in refusing to pay, but where he 'has acted in bad faith' in the transaction and dealings out of which the cause of action arose. . . If the original contract was made in good faith, if there is an ordinary breach, if the cause of action itself is not colored or poisoned by bad faith on the part of the defendant, he will not be mulcted with additional damages because he refuses to pay." *Traders Ins. Co.* v. *Mann,* 118 *Ga.* 381 (45 S. E. 426); *McKenzie* v. *Mitchell,* 123 *Ga.* 72 (51 S. E. 34). There was wide difference between the plaintiff and the defendants as to the existence of the contract. The plaintiff contended that he loaned money to the defendants; the defendants denied that he loaned any money to them or either of them, but averred that he loaned the money to one McClure, who was indebted to one of the defendants. The range of the evidence covered only the dispute between the parties, which, so far as is disclosed, apparently was an honest difference as to the nature of and the participants in the transaction out of which the cause of action arose.

5. Complaint is made of the introduction in evidence of a deed to the defendants. The relevancy of this deed is not apparent. Most probably it was for the purpose of showing that the title to the land was in both defendants, and that they acquired it from

the grantor named in the deed, that was received in evidence. The issue of title was not in dispute. Both sides presented their contention on the basis that the title was in both defendants, and that both defendants were liable on the debt to Craig, which was secured by their joint deed.

*Judgment reversed.   All the Justices concur.*