## 10542. LOVELL *et al. v.* FRANKUM.

Although the verdict in favor of the plaintiff was not by its terms a verdict against Ellis Lovell alone, his codefendant, Mrs. Lovell, was eliminated from the case by the instructions of the trial judge in accordance with the ruling of the Supreme Court in the same case, and by the plaintiff in dismissing the case as to her under the order of the trial judge on the motion for a new trial; and, the verdict as against Ellis Lovell being authorized by the evidence, a new trial was not required, and the judgment refusing a new trial is affirmed.

DECIDED OCTOBER 10, 1919.

Action on contract; from Habersham superior court—Judge J. B. Jones. May 28, 1918.

*J. C. Edwards & Sons,* for plaintiffs in error.

*McMillan & Erwin,* contra.

BLOODWORTH, J. Frankum sued Ellis Lovell and Mrs. Ellis Lovell. A trial of the case resulted in a verdict for the plaintiff, and the case was taken to the Supreme Court on exception to the refusal to grant a new trial. It is reported in 145 *Ga.* 106, 108 (88 S. E. 569). The first headnote of the decision of that court is as follows: "The testimony did not authorize an instruction on the theory that the contract for breach of which the suit was brought was executed by both defendants;" and in the opinion the court said: "We have carefully examined the evidence, and nowhere does it appear that the wife joined with the husband in making the contract with the plaintiff, or that he or any one else was authorized as her agent to make such a contract." The judgment was reversed and a new trial ensued. On the second trial the judge charged the jury as follows: "This suit was brought by Mr. Frankum against the defendants, Mr. Lovell and his wife. You can't find a verdict against her. She is eliminated from the case. It is just a matter of whether Mrs. Lovell—I mean Mr. Lovell—is liable for the debt." But in charging the jury as to the form of the verdict, the judge told them that if the plaintiff was entitled to recover, the form of the verdict would be, "We, the jury, find for the plaintiff so many dollars principal and so many dollars interest, with cost of suit." The verdict of the jury was as follows: "We, the jury, find for the plaintiff, principal $400.00, interest for five years and two months $36.15, and cost of suit." The defendants moved for a new trial, and in the motion it was alleged that the judge erred in instructing the jury on the form of the verdict, and

in not expressly limiting the finding to a verdict against Ellis Lovell. On the hearing of the motion the judge passed the following order: "The within motion, as amended, coming on to be heard this day by consent, it appearing that the court, in instructing the jury, expressly eliminated a recovery against Mrs. L. C. Lovell, counsel for plaintiff only signed up a judgment against Ellis Lovell, but the verdict being general, and Mrs. Lovell appearing in the pleading as one of the defendants, so, to make the pleading comply with the direction of the court, it is ordered and adjudged that if the plaintiff will in 5 days from this hearing dismiss the name Mrs. L. C. Lovell as a party defendant, the motion is overruled and a new trial be refused; unless this is done, a new trial is granted and the verdict of the jury set aside. Before signing this order plaintiff dismissed the case against Mrs. L. C. Lovell; so a new trial is refused."

Under the decision of the Supreme Court in this case, which is referred to above, and in the light of the charge of the court, and under this order, Mrs. Lovell is eliminated from the case; and as the evidence is ample to support a verdict against Ellis Lovell, the judgment refusing a new trial is

*Affirmed. Broyles, C. J., and Luke, J., concur.*