42847. FORD MOTOR CREDIT COMPANY
v. HITCHCOCK.

PANNELL, Judge. 1. The "bad faith" which will authorize recovery of attorney's fees in an action seeking damages and attorney's fees under *Code* § 20-1404 is "bad faith" in the

transaction out of which the cause of action arose. *Traders Ins. Co. v. Mann,* 118 Ga. 381 (6, 7), 384 (45 SE 426); *McKenzie v. Mitchell,* 123 Ga. 72 (51 SE 34); *Lovell v. Frankum,* 145 Ga. 106 (88 SE 569).

Where, as here, a petition seeking damages for the alleged wrongful repossession of an automobile alleges that the defendant finance company wilfully, intentionally, and maliciously and without probable cause repossessed the plaintiff's automobile, that there were no monthly payments in arrears and that defendant took the automobile without reason or cause and refused to return it, is a sufficient allegation of facts to support an allegation of bad faith and stubborn litigiousness under *Code* § 20-1404. The trial court therefore did not err in overruling the demurrer to such allegations in the petition attacking them on the grounds that they were a conclusion of the pleader.

The attorney's fees were eliminated by charge to the jury, and even if the overruling of the demurrer be error, it was harmless.

2. While the allegations of the petition that "since the taking [the defendant] has refused to return it [the automobile] to the plaintiff," the defendant being a corporation, may have been subject to the demurrer that it did not disclose the date or the name of the person who on behalf of the defendant refused to return the automobile to the plaintiff, it appears that the overruling of this demurrer was harmless to the defendant since the defendant had as witnesses at the trial all of its employees with whom the plaintiff or her agents had any conversations or dealings with reference to the matters at issue, and the evidence discloses the defendant never, at any time, offered to return the automobile except upon payment of sums which it was not entitled then to receive.

3. The court gave the following charge: "Now, the plaintiff has sued for the market value of this automobile. This action being in tort, and since the repossession, if wrongful, caused the plaintiff to sustain a total loss of her property right in the automobile, the measure of the actual damages was the market value of her property at the time of the trespass, to which interest could be added. The market value of the plaintiff's property right would be determined by taking the market value of the automobile itself and subtracting therefrom the

balance due on the purchase price of the automobile." After some intervening charges he gave the following charge which was objected to: "Notwithstanding the holder of the legal title to personalty may maintain an action in tort for damage to the property, one who is not the holder of the legal title but who is in legal possession of the property having a special interest therein and holding an equitable title thereto as purchaser with part of the purchase money unpaid, may maintain an action in tort to recover for the entire damage to the property, the amount recovered, however, being subject to his own use and that of the holder of the legal title as their respective interests may appear." The ground of objection was that the latter charge was "actually in conflict with" the prior charge, the charge objected to indicating "that plaintiff may recover the entire amount."

The charge objected to was a charge of an abstract principle of law which applies only to cases where such an action is brought by the equitable owner against a third party not the legal title holder. Here the action was against the legal title holder as covered in the first charge. There is no conflict in the charges. That the latter charge might have been confusing to the jury is not raised by the objection made.

4. "An act of a person, although without legal right or authority, upon the person or property of another, which causes damage, where done in good faith and without wilfulness or malice, or such gross neglect as to indicate a wanton disregard for the rights of another, will not authorize the infliction of punitive damages." *Lawrence v. Atlanta Gas Light Co.*, 49 Ga. App. 444 (4) (176 SE 75). "To authorize the imposition of punitive damages, there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. *Southern R. Co. v. O'Bryan*, 119 Ga. 148 (45 SE 1000)." *Central of Ga. R. Co. v. Sowell*, 3 Ga. App. 142 (59 SE 323).

Neither the agent of defendant who collected a payment on the contract at the same time he secured the extension agreement, nor the agent who approved these actions and initialed the formal reports thereof, testified or claimed that they forgot about such facts. It follows therefore that the jury was authorized to find that this knowledge, coupled with knowledge that three additional payments had been made,

was knowledge that the account was not in arrears at the time the repossession was made on the instructions of one agent and at the time plaintiff's husband exhibited evidence of payments to the other agent in an attempt to secure a return of the automobile. The jury was authorized to find additionally, therefore, that the repossession was made in bad faith and was wilfully and wantonly made with full knowledge of lack of all probable cause for so doing, and that rather than depend upon their own knowledge they preferred to go by what the computer "told" them. It might be said further that the evidence shows that with the payment, made at the time of the extension agreement, credited to the contract, the contract would not have been in arrears until April 29, 1966, even without the extension, and therefore that the defense, based upon the failure to send in the extension agreement as the cause of the error, is not supported by the evidence. The verdict was authorized by the evidence both for actual and exemplary damages under *Code* § 105-2002, which provides that "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff."

5. The remaining enumerations of error relating to the charges of the court, when the evidence and the charge as a whole are considered, are without merit.

*Judgment affirmed. Bell, P. J., concurs. Whitman, J., concurs specially.*

Submitted June 12, 1967—Decided October 31, 1967.

*Morton P. Levine, H. A. Stephens, Jr.,* for appellant.
*Grady E. Rozar,* for appellee.

WHITMAN, Judge, concurring specially. I concur in the opinion and judgment in this case with the following observations, modification and additions thereto:

1. Paragraph 10 of plaintiff's petition alleges among other things as follows: "Plaintiff avers that defendant acted in bad faith by taking her automobile without cause, and since the taking has refused to return it to plaintiff." Paragraph 10 of defendant's demurrer demurred to and moved to strike the above quoted portion of Paragraph 10 "upon the ground that the said portion of said paragraph is vague and indefinite in that it fails to state the date and name of the person who, on behalf of this defendant, refused to return the said vehicle to plaintiff." Plaintiff's suit did not seek to recover any damages either actual or special or as exemplary damages in respect of the return of the automobile in question. (See Paragraph 8 and 9 of plaintiff's petition.)

Paragraph 10 of defendant's demurrer was properly overruled for the following reasons: (a) The allegations in Paragraph 10 of plaintiff's petition had relation only to the recovery of attorney's fee. This issue was eliminated from the case by the charge of the court that the plaintiff was not entitled to a recovery of attorney's fee. (b) Defendant's demurrer was directed against the *entire* quoted portion of Paragraph 10 of plaintiff's petition. The ground of the demurrer is in relation *only* to that portion of the allegations demurred to relating to the alleged refusal to return the automobile to the plaintiff. The demurrer does not have relation to the allegations in the quoted portion of said paragraph that the defendant acted in bad

faith in taking her automobile without cause. The demurrer therefore was defective. *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641 (106 SE2d 307), *Haskin v. Carson,* 113 Ga. App. 524 (149 SE2d 161), and cases cited.

2. Enumeration of error 3 (d) complains that by giving in charge at three different places in the instructions that portion of *Code* § 105-2002 which provides the jury may award additional damages ". . . as compensation for the wounded feelings of the plaintiff," the court gave undue emphasis to such contention as to this element of damages. One of the references is to a paragraph in the charge in respect of giving additional damages "either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff," and the other reference is to a paragraph later given in the charge wherein in immediate sequence the same language was twice used. It does not appear likely that the jury was in any way misled or influenced by the alleged repetition and harmful error does not appear therefrom. *Grasham v. Southern R. Co.,* 111 Ga. App. 158 (9), 163 (141 SE2d 189), and cases cited. See also *Milledgeville Cotton Co. v. Bacon,* 138 Ga. 470 (4) (75 SE 604); *Hise v. Morgan,* 91 Ga. App. 555 (5), 557 (86 SE2d 374).

3. Enumeration 4 contends that the court erred in overruling appellant's motion for new trial as amended. Counsel for appellant in their brief in discussing the fourth enumeration in relation to the general grounds of the motion for new trial contend that by deducting from the valuation fixed by the appellee of her automobile repossessed by appellant, the net amount of the unpaid balance of purchase money thereon gives a net figure of only $719.01, as representing the interest of the appellee on April 13, 1966, the date of its repossession, and that when compared to the verdict in her favor in the amount of $3,500, the verdict is illegal and should be set aside.

In the case sub judice the evidence justified an award of punitive or exemplary damages. "In determining punitive or exemplary damages it is impossible to lay down any fixed rules for a precise mathematical calculation; 'and in every such case the amount of the finding must be largely in the power of the jury,

who have no other guide but their enlightened consciences.'" *City Motor Exchange v. Ballinger,* 110 Ga. App. 496, 497 (138 SE2d 925). To say, therefore, in such a case that a finding should have been less than a certain sum is to invade the peculiar province of the jury and to assume their functions.

Neither in the original motion for new trial nor in the amendment thereto is there any express or special ground that the amount of the verdict was excessive. Such a contention cannot be urged under the general grounds of a motion for new trial. *McFarland v. Bradley,* 82 Ga. App. 223 (4), 227 (60 SE2d 498), and cases cited; *Georgia Power Co. v. Smith,* 94 Ga. App. 166, 167 (94 SE2d 48). See also *Pure Oil Co. v. Dukes,* 107 Ga. App. 326, 328 (130 SE2d 234).

The verdict, therefore, is not erroneous on the ground of excessiveness and should not be set aside on that ground.