## 48669. SMITH et al. v. VARNER.

Evans, Judge. On August 13, 1947, John B. Varner, in accordance with an item of his mother's will, executed a promissory note of $13,000 for sums advanced to him by his mother. The acknowledgment attached thereto recited that the note should be considered advancements made to him out of his mother's estate. A new will made in 1960 by his mother recited virtually the same thing, that is, a "loan or advancement," had been made to her son, and another loan or advancement had been made to a daughter, Miriam Varner Dabney.

On January 8, 1963, Mrs. Varner executed an irrevocable trust, naming the Citizens and Southern National Bank as trustee, and directing that upon her death the corpus be paid to her estate. Virtually all of Mrs. Varner's property, except the promissory note executed by John B. Varner, was included in the trust agreement. Two of Mrs. Varner's children, John B. Varner and Nelle V. Smith, signed the irrevocable trust stating, "We agree to this," ostensibly because the trust bank felt Mrs. Varner's mind was failing, and she might have been incompetent. On November 21, 1963, Mrs. Varner made a third will, leaving all of her property to her three children equally, and naming her son, John B. Varner, as executor. On the same date (November

21, 1963) she executed an amendment to the irrevocable trust, directing that the corpus of the irrevocable trust be paid, following her death, directly to the beneficiaries (her three children) and not to the estate as provided in the trust. But this was a unilateral agreement, not accepted, nor agreed to by the trustee.

Mrs. Varner was declared to be mentally incompetent in 1965, and in 1970 she died, and her will was probated in common form. Because of the conflict in the trust and amendment and because of friction between Mrs. Varner's heirs (differences between the two sisters and their brother), the bank, as trustee, was uncertain as to the method of distributing the trust fund, so it requested all three beneficiaries to enter an agreement, and upon executing same, it paid the funds to them.

The agreement entered into, at the instance of the bank, by the beneficiaries, John Varner, individually and as executor, and Mrs. Smith and Mrs. Dabney, the two sisters contained the following: "The Beneficiaries, Committee and Executor do hereby, jointly and severally, acknowledge, declare and agree that neither they nor any of them, individually or in their representative capacity, have any claims of any kind or nature against any other Beneficiary, or against the Committee or Executor, or against the Estate of Helene S. Varner." Notwithstanding this agreement, the two sisters brought suit to recover 2/3 of the $13,000 against their brother, John B. Varner.

The defendant brother denied the material portions of the complaint, plead the statute of limitation, and estoppel, and a counterclaim. The counterclaim was disposed of prior to trial and is not a part of this appeal. The issue of statute of limitation was also eliminated due to the tolling of the statute during the time Mrs. Varner was mentally incompetent.

The case proceeded to trial and defendant contended that the $13,000 payment from his mother was an advance, and not a loan which could be recovered by legal action; and he contended that plaintiffs were estopped to pursue this action, as they knew of the advance at the time they entered the written agreement, although the sisters contended they did not have such knowledge, nor in the exercise of ordinary diligence, should they have known of the existence of the advancement and note prior to the execution of the aforesaid agreement. Defendant also contended that the will which was probated in common form had not been contested by the plaintiffs. The jury returned a verdict

for the defendant. Judgment was regularly entered thereon. Plaintiffs filed a motion for new trial, which was later amended, and overruled. Plaintiffs appeal. *Held:*

1. An advancement is any provision made by a parent out of his estate for and accepted by a child during his lifetime over and above the obligation of the parent for maintenance and education. See Code § 113-1013. The question of whether a transfer of funds between parent and child is to be treated as an advancement depends upon the intention of the parent at the time of the transaction. *Barron v. Barron,* 181 Ga. 505 (2), 509 (182 SE 851); *Treadwell v. Everett,* 185 Ga. 454 (1) (195 SE 762); *Manry v. Manry,* 196 Ga. 365 (5) (26 SE2d 706). Here, a mother advanced money to a son and took a note therefor and prima facie such note represents an indebtedness and not an advancement. But this presumption is subject to be rebutted. *Cutliff v. Boyd,* 72 Ga. 302 (7). The note shows the same represented an indebtedness but the language of the wills and the acknowledgement by the son attached shows that it could be considered an advancement, and in fact, her wills used the term "advancement." The evidence here presented a jury question as to whether the note represented a loan or an advancement.

2. While the agreement executed by the three parties to this litigation, with the bank as trustee, was executed primarily for the purpose of getting the bank to make payments directly to them as beneficiaries and not to the estate, nevertheless it was recited therein that there were no claims of any kind or nature against any other beneficiary "or against the Committee, Executor, or against the estate;" and again, from the testimony of the parties and also from this written instrument, there was a question for jury determination as to whether or not the plaintiffs here were estopped and precluded from suing their brother, the executor under the will. See Code § 38-114; *Harris v. Abney,* 208 Ga. 518 (2) (67 SE2d 724); *Bell v. Studdard,* 220 Ga. 756, 760 (141 SE2d 536); *Swift & Co. v. Hall,* 94 Ga. App. 239, 240 (2) (94 SE2d 145). The written instrument could be construed as an accord and satisfaction of differences and this in itself would estop further proceedings by the parties against each other as to all rights and actions dealt with in said written agreement.

The evidence was sufficient to support the verdict and the general grounds of motion for new trial are not meritorious. *Daniels v. Hartley,* 120 Ga. App. 294, 295 (170 SE2d 315).

3. During the trial it was shown that other advances had been made to the plaintiffs. A letter from the mother to the bank, as trustee, advised it that she had inadvertently transferred property on St. Simons Island which she had previously conveyed to her daughter, Mrs. Nelle Varner Smith, one of the plaintiffs. In the letter the mother requested that the trustee execute a quitclaim deed in favor of Mrs. Smith. The plaintiffs objected and contended that the introduction of this letter was irrelevant and immaterial to any issue in the case. The letter appears to be quite relevant, but if irrelevant, plaintiffs have failed to show how this evidence prejudiced their rights; and further, the objection was too vague and too general to present anything for consideration. *Lanier v. Lee,* 111 Ga. App. 876 (143 SE2d 487); *Central Georgia Transmission Co. v. Storer,* 17 Ga. App. 55 (1) (85 SE 498). This amended ground of the motion for new trial is not meritorious.

4. The lower court did not commit error in requiring that plaintiff, Nelle Smith, answer questions respecting certain of her business transactions. These questions were intended to elicit testimony as to her business experience and acumen in dealing with attorneys and business affairs and should have been allowed to test her credibility respecting her testimony, as to the business transactions and legal documents introduced in evidence.

Plaintiff Smith (one of the sisters) contends that the instrument she signed, together with her sister and brother and the trustee, was not intended to resolve all differences between them. The questions and answers elicited with respect to her business transactions were relevant to test her credibility. In addition, the objection made at the trial was too general in nature and not sufficiently specific to furnish a basis for assignment of error. *Holsenbeck v. Arnold,* 75 Ga. App. 311 (1) (43 SE2d 348).

5. The trustee bank obtained expert opinion from a practicing attorney at law with respect to the instrument executed by the trustee bank and the three beneficiaries. This attorney was called as an expert witness, and testified that he, as attorney for the bank, drafted the agreement, and that all of the parties read it and reread it, and fully understood it, and gave instructions and directions for redrafting it, there being three redrafts in addition to the first draft, making four drafts in all. He did not actually make all of the drafts, as there were three other attorneys present besides him, and that each party to the agreement was then and there at the time of the drafting and execution of the agreement represented by an attorney. One of

the questions for the jury's determination was whether or not the note was given for an advancement or an indebtedness; and it was proper for this witness, testifying as an expert, to conclude from his familiarity with all the circumstances, that in his opinion it was an advancement and should not be included in the estate for federal estate tax purposes. The lower court did not err in allowing this testimony in evidence. The witness merely gave his opinion as to matters involved with the federal tax law and his testimony did not invade the province of the jury. Compare *Chattanooga R. &c. R. Co. v. Jackson,* 86 Ga. 676 (3), 681 (13 SE 109).

6. The plaintiffs contend that the trial judge repeatedly charged on the issue of estoppel and was therefore repetitious. We do not think so. The first time the court mentioned estoppel in his charge was in the context of setting forth the defendant's basic defense in its answer; and thereafter he properly charged that the defendant pleaded that the plaintiffs are estopped by an agreement executed by the parties and the bank from bringing this action. The court then charged the jury that if in making a contract the parties agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands, in the absence of fraud, accident or mistake; and that it was for the jury to determine what the facts are in this case and to be applied to the law as given in the charge. Nor does it appear that the jury was misled or influenced by the alleged repetition, and no harmful error is shown. *Grasham v. Southern R. Co.,* 111 Ga. App. 158 (9), 163 (141 SE2d 189); *Ford Motor Credit Co. v. Hitchcock,* 116 Ga. App. 563, 571 (2) (158 SE2d 468).

7. The instructions of the court on compromise and mutual accord and satisfaction were authorized by the evidence and defendant's affirmative defense of estoppel by reason of the executed agreement. See *Watkins v. Watkins,* 24 Ga. 402. The pleader is not required to use the words "estoppel," "compromise," or "accord and satisfaction" where the pleaded facts are sufficient to show the applicable defense. *Broderick v. Reid,* 164 Ga. 474 (2), 483 (2) (139 SE 18); *Harris v. Abney,* 208 Ga. 518 (2), supra.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

Argued October 4, 1973 — Decided December 4, 1973 — Rehearing denied December 18, 1973 —

*Henry T. Smith,* for appellants.

*Kaler, Karesh & Frankel, Samuel N. Frankel, Allen J. Tanenbaum,* for appellee.