## A03A1079. WALTERS v. STEWART.
(588 SE2d 248)

RUFFIN, Presiding Judge.

In 1995, Howell Stewart gave his son, Howell Stewart, Jr. ("Stewart") $50,000. When Mr. Stewart died, his daughter, Alice Walters, sought a declaratory judgment that the $50,000 was an advancement against Stewart's inheritance. Walters also alleged that Stewart breached his fiduciary duty as executor by failing to acknowledge the advancement. Stewart moved for summary judgment, asserting, inter alia, that the money could not be considered an advancement because there was no written documentation providing that it was an advancement, as required by the Revised Probate Code of 1998.[1] The trial court agreed and granted summary judgment. For reasons that follow, we reverse.

On appeal, we review the trial court's grant of summary judgment de novo, construing the evidence and all inferences in the light most favorable to the nonmoving party.[2] Viewed in this manner, the record shows that Stewart's father executed his last will and testament in 1972. In 1995, Stewart's father gave Stewart $50,000, which was used to purchase a lake house. According to friends and family members, Stewart's father intended the money to be an advancement against Stewart's inheritance.

At the time the money was transferred, no writing was required to document an advancement against an inheritance.[3] Rather, the intention of the testator governed, and such intent could be proved with parol evidence.[4] In 1998, however, before Stewart's father died, the probate code was revised to state that an intent to treat the lifetime transfer of money as

> an advancement is shown only if the will provides for the deduction of the lifetime transfer or its value or if the satisfaction or advancement is declared in a writing signed by the transferor within 30 days of making the transfer or

[1] See OCGA § 53-1-10 (c).
[2] See *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998).
[3] See *Smith v. Varner*, 130 Ga. App. 484, 486 (1) (203 SE2d 717) (1973).
[4] See id.

acknowledged in a writing signed by the recipient at any time.[5]

Stewart's father never recorded in writing that he intended the $50,000 to constitute an advancement, and Stewart never acknowledged that the money was an advancement.

When Stewart's father died in 2001, Walters sought a declaratory judgment that the money was, in fact, an advancement. Stewart moved for summary judgment, which the trial court granted. In its order, the trial court found that the father's failure to memorialize the advancement in writing precluded the transfer of money from being considered an advancement against Stewart's inheritance. The trial court noted that, pursuant to OCGA § 53-1-1 (b), the revised probate code applies so long as " 'no vested rights of title, succession or inheritance' " are impaired. The trial court concluded that "because [Walters'] rights did not vest until after the probate revision, the revised code is applicable."[6]

In support of its ruling, the trial court cited *Evans v. Palmour*,[7] in which our Supreme Court applied the revised code to a will that was drafted before the revision. The Supreme Court noted that "a will does not become operative until the testator's death."[8] Thus, the Court found that there were no vested rights under the will until the testator's death, which occurred after the code's revision and which mandated the application of the revised code.[9]

The 1995 transfer of $50,000 in this case vested title to the proceeds in Stewart at that time.[10] However, Walters had no vested rights until her father's death, which occurred several years *after* the effective date of the revised code. It follows that, before her father's death, Walters had no vested rights that could be impaired, and that the revised code is thus applicable pursuant to OCGA § 53-1-1 (b).[11]

---

[5] OCGA § 53-1-10 (c).

[6] In so ruling, the court noted that it believed Stewart's father intended the $50,000 to be an advancement, and that "the end result in this case is unfortunate for [Walters] and creates an unintended windfall for [Stewart]."

[7] 274 Ga. 283 (553 SE2d 585) (2001).

[8] Id. at 283, n. 1.

[9] See id.

[10] See *Berry v. Berry*, 208 Ga. 285, 289-292 (2) (66 SE2d 336) (1951) (where father intended proceeds of bonds as an advancement to sons, title to the proceeds vested at the time of the transfer, and the sons were required to account for the proceeds in the distribution of the father's estate); *Persoll v. Scott*, 64 Ga. 767, 768-769 (1880) (father's advancement to son of a wool carder vested title in the son at the time of the transfer).

[11] Because OCGA § 53-1-1 (b) shows that the General Assembly intended that the statute operate retroactively except that vested rights are not to be impaired, we cannot agree with Walters' argument that the application of the code here constitutes an unconstitutional retroactive law. See *Rider v. Taylor*, 166 Ga. App. 474, 475 (2) (304 SE2d 557) (1983) (unless a statute, either expressly or by necessary implication, shows that the General Assembly intended that it operate retroactively, it will be given only prospective application).

Although we agree with the trial court that the revised code is applicable, our inquiry does not end here. Walters also alleges that Stewart breached his fiduciary duty in failing to acknowledge that the $50,000 transfer was an advancement.[12] As noted above, an advancement may be shown under the revised code if: (1) the will provides that a lifetime transfer is an advancement; (2) the advancement is declared in a writing signed by the transferor within 30 days of making the transfer; or (3) the recipient signs a written statement at any time acknowledging the advancement.[13] Thus, Stewart, as the recipient, has the authority to acknowledge the transfer as an advancement, even though his father did not do so in writing. The question is whether he is obligated to do so.

As executor of the estate, Stewart occupies "a fiduciary relation toward all parties having an interest in the estate" and is vested with "the sacred duty of standing in the place of the deceased and administering his estate as directed."[14] Stewart has the authority under the statute and the sacred duty as executor to acknowledge the transfer as an advancement, if that was in fact his father's intention. Although Stewart denies that the transfer was an advancement, the record is replete with evidence to the contrary. Thus, a genuine issue of material fact exists with respect to whether Stewart breached his fiduciary duty. Accordingly, we reverse the grant of summary judgment to Stewart.

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 16, 2003 —
RECONSIDERATION DENIED OCTOBER 2, 2003 — ▮▮▮▮▮▮▮

*G. E. Adams, Edwin S. Varner, Jr.*, for appellant.
*Eric T. Johnson*, for appellee.

---

[12] Count 2 of the complaint alleges that Stewart breached his fiduciary duty by refusing to honor the advancement made to him by his father.

[13] See OCGA § 53-1-10 (c).

[14] (Citations and punctuation omitted.) *Liner v. North*, 188 Ga. App. 677, 678 (2) (373 SE2d 846) (1988).