S04G0291. STEWART v. WALTERS.
(602 SE2d 642)

HUNSTEIN, Justice.

This appeal involves a dispute between siblings appellant Howell E. Stewart, Jr. and appellee Alice C. Walters. The testator Howell E. Stewart, Sr. executed his will in 1972 naming appellant executor under the will. In 1995 the testator gave appellant $50,000 that appellant applied to the purchase of lake property. The transaction was not memorialized in writing by the testator or appellant. The testator died in 2001, the will was probated, and the probate court qualified appellant as executor. Appellee brought suit against appellant individually and as executor under the will seeking a declaratory ruling that the $50,000 the testator gave to appellant amounted to an advancement against appellant's inheritance and alleging that the money should be deducted from the portion of his inheritance. Appellant denied that the transfer was an advancement. The trial court granted summary judgment in favor of appellant on the ground that the law does not recognize an advancement that is not memorialized in a writing according to OCGA § 53-1-10 (c). On appeal, the Court of Appeals held that although no written documentation of the monetary transaction existed as required by the statute, a jury question remained on the issue of whether appellant had breached his fiduciary duty as executor to acknowledge the transfer as an

---

[2] Under the terms of the Reconciliation Agreement, the marital home "shall be jointly and equally owned by both parties."

advancement. *Walters v. Stewart*, 263 Ga. App. 475, 477 (588 SE2d 248) (2003). We granted certiorari to determine whether the executor of an estate who is also a beneficiary of the estate and who received funds from the testator during the testator's life is required in the exercise of the executor's fiduciary duty to acknowledge the receipt of funds in writing.[1] For the reasons that follow, we reverse.

Whereas the former Code section[2] dealing with advancements made to an heir or a beneficiary left the job of discerning the transferor's intent after the transferor had died to the court, the Revised Probate Code of 1998 requires that the intent to treat a lifetime transfer as a satisfaction or an advancement must be evidenced in the language of the will or declared in writing. OCGA § 53-1-10 (c)

> clears up potential confusion by defining the circumstances in which an advancement or a satisfaction is deemed to have occurred. [T]his Code section requires the transferor and/or transferee to declare an intent that the transfer be considered a satisfaction or advancement. Without this declaration, the transfer is not charged off against the heir's or beneficiary's share of the transferor's estate. The declaration of intent must be in writing and may appear either in the will, in a writing signed by the transferor within thirty days of the transfer, or in an acknowledgment signed by the transferee at any time.

(Footnotes omitted.) Radford and Sugarman, Article: Georgia's New Probate Code, 13 Ga. St. U. L. Rev. 605, 617 (1997). Based on the language of OCGA § 53-1-10 (c),[3] the comment to the revised probate statute explains that only written evidence will now suffice to show that an inter-vivos transfer is intended to operate as an advancement against a testamentary gift.

It is undisputed that the inter-vivos monetary transfer from father to child in this case did not involve a writing signed by the

---

[1] Although the parties aver that the estate case is currently pending in probate court, the parties have not questioned the jurisdiction of the trial court to review the case. Accordingly, we assume for purposes of this appeal that the inter-vivos monetary transfer could be challenged in the declaratory judgment action filed in superior court, rather than in the probate court as the court statutorily designated to review claims of fiduciary breach. See generally OCGA § 15-9-30 (a) (10) (probate courts have original, exclusive, and general jurisdiction of all matters that relate to estates of deceased persons).

[2] OCGA § 53-4-50 (a).

[3] The intent to treat a lifetime transfer as a satisfaction or an advancement is shown only if the will provides for the deduction of the lifetime transfer or its value or if the satisfaction or advancement is declared in a writing signed by the transferor within 30 days of making the transfer or acknowledged in a writing signed by the recipient at any time.

testator within 30 days of making the transfer, a declaration of intent in the testator's will, or any written acknowledgment by appellant. Nevertheless, the Court of Appeals concluded that summary judgment was inappropriate because appellant may have breached the duty that he owed to appellee in his fiduciary capacity as executor of their father's will by accepting the $50,000 but failing to acknowledge that it was an advancement of his inheritance in writing. According to the Court of Appeals, appellant has "the sacred duty as executor to acknowledge the transfer as an advancement, if that was in fact his father's intention." *Walters*, supra, 263 Ga. App. at 477. We do not agree.

While an executor owes the maximum amount of good faith in the exercise of the executor's fiduciary duties, it is well-settled that the exercise of that obligation does not attach "prior to . . . qualification by the court as executor. [Cits.]" *Daniel v. Lipscomb*, 225 Ga. App. 135, 137 (2) (483 SE2d 325) (1997). An individual who qualifies as the executor of the estate subsequent to a lifetime monetary transfer cannot be in breach of any fiduciary duty imposed upon an executor at the time of the monetary transfer.[4] The Court of Appeals' application of OCGA § 53-1-10 to a transferee who subsequently agrees to serve as the executor of his transferor's estate unduly penalizes the transferee who assumes this service, with the consequence that nominated executors may be forced to decline the position thereby thwarting the expressed desires of the testator. See OCGA § 53-6-10 et seq.

Accordingly, we hold that the Court of Appeals erred by finding that appellee was not foreclosed from claiming that appellant's refusal to declare the money transferred to him years before the testator's death amounted to an advancement and should have been deducted from his portion of the estate.

*Judgment reversed. All the Justices concur, except Thompson and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

As I believe the Court of Appeals correctly decided this case, I respectfully dissent.

The majority focuses upon the wrong question, at the wrong time. As the Court of Appeals recognized, the central question in this case is not whether the then-nonexistent Revised Probate Code of 1998 applies to the 1995 transfer.[5] Nor is there any question of any

---

[4] The fact that the transferee's acknowledgment may be signed "any time" under OCGA § 53-1-10 (c) does not change the fact that an executor's fiduciary duty does not pre-date the term of the executor's service.

[5] Under the writ of certiorari, no question is presented concerning the propriety of applying

fiduciary duty being imposed on Stewart in the year 1995. Rather, the proper question concerns Stewart's current role as executor, and whether that role requires him to reveal, at *this* time, that which is considered, at least for purposes of a motion for summary judgment, to be the "truth" concerning the 1995 transfer. And the Court of Appeals properly recognized that an executor who refused to so reveal the truth concerning such a transfer would be in breach of his duty.

An executor is bound by the "rules generally applicable to fiduciaries to act in the best interests of all persons who are interested in the estate and with due regard for their respective rights." OCGA § 53-7-1 (a). Clearly, an executor who is in a position to return to the estate that which was intended as an advancement and does not do so is in violation of the duty imposed by OCGA § 53-7-1 (a). The majority ignores this duty, rather stating that to require the executor to reveal the truth concerning an earlier transaction "unduly penalizes" the executor. But the only "penalty" is enforcing the original transfer, either through the executor's own admission, or the finding of a jury concerning the facts of that transfer. Further, contrary to the majority's statement, under the holding of the Court of Appeals, the executor is in no way "foreclosed" from refusing to claim that the transfer is an advancement; he may certainly do so, and the facts of his claim may be tested by a jury.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED SEPTEMBER 13, 2004.

*Eric T. Johnson*, for appellant.
*Edwin S. Varner, Jr., G. E. Bo Adams*, for appellee.

the 1998 Revised Probate Code in this situation. See OCGA § 53-1-1.