No. 88.—MARY M. MORROW, plaintiff in error, vs. IRBY H. SCOTT, defendant.

[1.] An infant in *ventre sa mere*, at the time of the intestate's death, but who was born within the ordinary period of gestation thereafter, is entitled to inherit from such intestate, as if born at the time of the intestate's death.

In Equity, in Putnam Superior Court. Decision on demurrer, by Judge MERRIWETHER, September Term, 1849.

Ewing T. Morrow died intestate, leaving a large estate. His next of kin, and distributees at law, were his first cousins, of whom several were in life. Within the period of gestation after his death, Mary M. Morrow, another first cousin, was born, and filed a bill by her guardian, claiming a distributive share. On demurrer, the Court dismissed the bill, and that decision is brought up for review.

CONE, for plaintiff in error, submitted the following points and authorities :

The only question in this case is, whether a child in *ventre sa mere*, at the time of the death of the intestate, is entitled to a distributive share of the estate, as it would have been if actually born at the time of such death ?

We support the affirmative, and rely upon the following authorities :

2 *Atkins*, 115.   2 *Peere Wms.* 442.   1 *Vesey, Sr.* 156.   1 *Murphy's R.* 233.   1 *Dev. & Batt. Eq. R.* 77.   2 *H. Blackstone*, 379, 399.   2 *Dev. & Batt. Eq.* 312.   1 *Roper on Leg.* 52.   5 *Serg. &*

*Rawle*, 38. 2 *Wms. on Ex'rs.* 801, 802. 15 *Pickering,* 255. 2 *Kent's Com.* 424. 2 *Bro. C. C.* 321. 2 *Vesey, Jr.* 673. 1 *Meriv.* 654. 2 *Cox,* 425. 1 *Peere Wms.* 244, 340. 2 *Vesey,* 84. 3 *Atkins,* 203. 5 *Binn.* 601. *Watkins on Descents,* 145. *Toller's L. Ex'rs,* 31, 300. 2 *Hawks,* 325. *Hotchkiss,* 464, 465. 1 *Roper's Leg.* 53.

The same doctrine prevails in relation to the descent of real estate. 1 *Co. Litt.* §11. 3 *Comyn's Dig.* 442. 4 *Kent,* 249. 3 *Johns. Ca.* 18. 5 *Serg. & Rawle,* 38. 2 *Paige,* 35. 4 *Kent,* 280, 412, 248. 1 *Cruise,* 226. 4 *Vesey,* 342. 1 *Peere Wms.* 486. 8 *Vin. Ab'gt,* 87. 3 *Atkyns,* 203.

ADAMS, for defendant in error, submitted the following points and authorities :

1. The Statute of Distributions is a statutory will, made by legislative authority, the end and intent of which, by making the provision for all the children of an intestate equal, or as nearly so as can be estimated, is to do what a good and just parent ought to do.

2. Distributive shares vest immediately on the death of the intestate, excepting only in the event of the birth of a *posthumous child of intestate,* which exception prevails alone upon the principle, that as a posthumous child would take, under a will or settlement made by a *father for his children living at his death,* so it should be entitled to a distributive share under the will or settlement made by legislative authority for the *father in case of his intestacy.* But this principle does not hold when the relation between intestate and distributee is other than that *of parent and child, cessante ratione cessat ipsa lex.*

3. By the Common Law, a child *in ventre sa mere* is not *in rerum natura ;* by the Civil Law, it is. Several Statutes of England consider it *in esse* for *particular purposes only,* which are expressed in said Statutes.

4. Adjudications of the English Judges, upon their Statute of Distributions, should not control in the construction of our Statute, for the plain reason that the Statute of Distributions of England, *by express provision,* is to be construed by the rules of the Civil Law, which is not the case in our Statute. 2 *P. Williams,* 446. 2 *Atkins,* 115. 2 *Black. Com.* 169. *Prince,* 225, 233, 570. 1 *Wend. Blackstone,* 19, 78, *and note,* 84.

Morrow *vs.* Scott.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record in this case for our judgment is, whether the first cousin of the intestate, in *ventre sa mere*, at the time of his death, but born within the usual period of gestation thereafter, is entitled to a distributive share of such intestate's estate.

We are of the opinion, both upon principle and authority, that a child in *ventre sa mere*, at the time of the death of the intestate's ancestor, who is born within the usual period of gestation thereafter, is entitled to a distributive share of such deceased intestate's estate.   *Blackstone* states the rule to be that, "An infant in *ventre sa mere*, or in the mother's womb, is supposed in law to be born, for many purposes.   It is capable of having a legacy, or a surrender of a copyhold estate made to it.   It may have a guardian assigned to it ; and it is enabled to have an estate limited to its use, and to take afterwards, by such limitation, as if it were then actually born ; and in this point, the Civil Law agrees *with ours.*" 1 *Bl. Com.* 130.   1 *Roper on Legacies,* 53.

Posthumous children, says Chancellor *Kent,* inherit, in all cases, in like manner as if they were born in the lifetime of the intestate, and had survived him.   This is the universal rule in this country.   *It is equally the acknowledged principle in the English Law ; and for all the beneficial purposes of heirship, a child in ventre sa mere, is considered as absolutely born.*   4 *Kent's Com.* 412.   In *Wallis vs. Hodson,* Lord *Hardwicke* held that, both by the rules of the *Common Law,* as well as by the Civil Law, a child in *ventre sa mere,* is in *rerum natura,* and is as much one, as if born in the father's lifetime.   2 *Atkyns,* 116.   In *Doe vs. Clark,* it was held, that an infant in *ventre sa mere* is considered as born for all purposes which are for his benefit.   2 *H. Blackstone,* 399.   In *Hall vs. Hancock,* the Court ruled, that in general, a child is to be considered as *in being,* from the time of its conception, where it will be for the benefit of such child to be so considered.   15 *Pickering's Rep.* 255.   This rule is in accordance with the principles of justice, and we have no disposition to innovate upon it, or create exceptions to it.

Let the judgment of the Court below be reversed.