In the Matter of the Judicial Settlement of the Account of Proceedings of ISAAC REISS and Another, as Executors, etc., of ALBERT SIMON, Deceased.*

ADELE L. LEWENGOOD, General Guardian of MERYL ADRIENNE SIMON, Appellant; ISAAC REISS and Another, as Executors, etc., of ALBERT SIMON, Deceased, and Another, Respondents.

First Department, May 1, 1931.

*Lloyd B. Kanter* of counsel [*Lewis, Marks & Kanter,* attorneys], for the appellant.

*Daniel J. Madigan* of counsel [*Hartman, Sheridan, Tekulsky & Pecora,* attorneys], for the respondent Grace Simon, widow.

TOWNLEY, J. Four days before his marriage in 1925 the decedent executed a will. The will was made in contemplation of marrying the present widow. The dispositive provisions read: " In the event that my estate shall amount to or be in excess of the sum of Fifteen Thousand ($15,000) Dollars, I give and bequeath the sum of Three Thousand ($3,000) Dollars to my *fiancée*, Grace Stechen. * * * All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate and whatever kind or nature of which I may be seized or possessed or to which I may be entitled or in which I may be interested at the time of my death, I give and bequeath to my beloved daughter Meryl Adrienne Simon."

It is argued that the provision for the *fiancée*, now the widow, did not satisfy the requirements of section 35 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 293).† In so far as

* Revg. 138 Misc. 658.
† Since amd. by Laws of 1931, chap. 562.—[REP.

that section concerns the facts in this case, it reads substantially as follows: If after making any will, such testator marries, and the wife survives the testator, such will shall be deemed revoked as to her unless she shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision.

The respondent widow contends (1) no provision was made for her under the terms of the will, within the intent and purpose of the statute in question; (2) that there is no mention made in the will showing an intention not to provide for the prospective wife of deceased. That the will as made represents the testator's deliberate intention toward his widow cannot be seriously questioned. The respondent argues that the word " provision " must mean that sort of provision which at the time of death would certainly result in benefit to the widow. At common law and under the statute, marriage operates to revoke as to the widow a will executed prior to marriage. The reason for this rule is that the change resulting from marriage and parenthood is not presumed to have been in the mind of the maker at the time the will was made. (*Matter of Del Genovese*, 169 App. Div. 144.) The purpose of the exception contained in the statute was to exempt all wills made prior to marriage containing a provision for the widow or indicating an intention not to provide.

Of course, the question involved is one of definition of the word " provided " or " provision " as used in the statute. It is argued that since reference is made to marriage settlements or ante-nuptial agreements in section 35 of the Decedent Estate Law, and since under such a settlement something tangible would be given to the beneficiary, the same substantial meaning of absolute gift should attach to the word " provision " as later used in the same section. This does not necessarily follow. A marriage settlement or ante-nuptial agreement might well involve contingent gifts. Surely, it would be a good marriage settlement if the husband gave all his interest in some contingent remainder to trustees for his wife's benefit. The argument from the meaning attaching elsewhere to the word " provision " is unsatisfactory because it assumes the conclusion.

The only satisfactory solution is to examine the function and purpose of the statute. Such an examination shows that to accept the narrow construction of the word " provision " contended for by respondent would restrict the operation of the statute to an extent not required by its language or the purpose sought to be accomplished by its enactment. The controlling consideration is whether the bequest contained in the will is made to the beneficiary

in her prospective status as wife. (*Matter of Scolpino*, 231 App. Div. 690, 692.) If that clearly appears, it matters not that because of some condition attached to the provision or the occurrence of some event after marriage, the widow derives no benefit from the bequest. A contingent bequest was held to satisfy the requirements of the statute as to afterborn children in *Matter of Jones* (134 Misc. 26) and in *Stachelberg* v. *Stachelberg* (52 id. 22). (See, also, Jessup & Redf. Surr. Ct. Prac. [1925 ed.] p. 399.) The provisions of this will clearly meet the requirements of the statute as to provision for the widow.

The decree of the Surrogate's Court should be reversed, with costs to the appellant, and the objection of the widow to the account of the executors disallowed, and the proceeding remitted to the Surrogate's Court for further action in accordance with this opinion.

FINCH, P. J., MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents.

Decree so far as appealed from reversed, with costs to the appellant, and the proceeding remitted to the Surrogate's Court for further action in accordance with opinion.