WILLIAMS *et al.* v. LANE.

No. 13966.   JANUARY 14, 1942.

*Smith & Smith* and *Edward F. Taylor,* for plaintiffs.

*John J. McCreary,* for defendant.

DUCKWORTH, Justice.   A decision in this case depends upon the answer to two questions:   (1) Did the testatrix legally marry after the execution of her will?   (2) Does the will contain a provision made in contemplation of such an event?

■   The second verdict granting Sam Williams a total divorce from Margaret Williams, rendered on May 26, 1921, removed his disabilities on account of his previous marriage to Margaret, and thus enabled him to legally marry Ida Copelin.   The ceremonial marriage of Ida Copelin, the testatrix, to Sam Williams, on May 26, 1921, was duly performed, and constituted a marriage of the testatrix.   While there is evidence showing that these parties had lived together as husband and wife over a long period of time, holding themselves out to the public as such, and that during such time Ida had two children, the propounders, of whom Sam Williams was the father, and this and similar evidence might be sufficient to raise a legal presumption that there had been a common-law marriage of these parties (*Miller* v. *Grice,* 165 *Ga.* 191, 140 S. E. 350), yet any such legal presumption is rebutted by the uncontradicted evidence that before Sam and Ida ever met each other Sam was legally married to Margaret Williams, who came to Macon with him as his wife from South Carolina or Augusta, and that his marriage to Margaret was not dissolved until May 26, 1921.   This evidence shows that Sam Williams, throughout the time he was living with Ida before their ceremonial marriage in 1921, had a living wife and was legally incompetent to contract marriage with Ida Copelin.   The evidence demanded a finding that testatrix and Sam Williams were never husband and wife by virtue of a common-law marriage, but that they became husband and wife by the ceremonial marriage on May 26, 1921, after the execution, on September 16, 1920, of the document offered as the will of Ida Copelin.

■   It is declared in the Code, § 113-408:   "In all cases, the marriage of the testator or the birth of a child to him, subsequently to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will."   It was held in *Ellis* v. *Darden,* 86 *Ga.* 368 (12 S. E. 652, 11 L. R. A. 51), that the rule just stated, with reference to a testator, is

equally applicable to a testatrix. Since it is ruled in division 1 of this opinion that the testatrix was married subsequently to the making of the will, her marriage constituted a revocation of the will, unless there can be found in the will a provision made in contemplation of such an event. In *Ellis* v. *Darden,* supra, the testratrix executed a will in which her property was given to a sister, and later on the same day she was married. It was held that the marriage revoked the will. A further rule laid down in headnote 2 of that decision forbids the use of extrinsic evidence to show that the will contains a provision made in contemplation of such an event, and requires that the will alone must be looked to for such provision; and unless it is found in the will itself, the subsequent marriage automatically revokes the will under the statute. In *Sutton* v. *Hancock,* 115 *Ga.* 857 (42 S. E. 214), it was held that the will there involved was revoked by the subsequent birth of a child to testator. That will bequeathed to the testator's wife all of his estate, and contained a recital that the testator knew full well that his wife would protect his name by the prompt payment of his debts, and that she would take every care of his children and do what was just and right by each of them. After giving a history of the law as it now stands, showing that under the common law neither the subsequent marriage alone nor the subsequent birth of a child would revoke the will, but that both of these events combined would have that effect; that this common-law rule was of force in Georgia until by the act of 1834 (Cobb's Digest, 347) it was provided that the subsequent marriage or birth of a child for whom the will made no provision would revoke the will; and that this statute was amended by the Code of 1863, § 2445, which has remained the law in this State to this date, it was said: "The Code changed this law so as to omit altogether the requirement that the testator should make at all events a positive provision for the child to be born, and it did not even require that the testator should have had in mind the child that would be born. The requirement of the Code is that provision shall be made in contemplation *of the event."* The law is clear and explicit. The will must show that the testatrix had in contemplation the event, that is her future marriage; and the will must contain a provision made in contemplation of such event. It is not required that this provision in the will must be of a beneficial

interest in the estate of the testatrix, but it is sufficient if the will refers to the event and provides for the same either by making a beneficial provision or expressing the intention or desire of the testatrix that such future husband have no beneficial interest in her estate. The essential basic requirement is that the will must show that such an event was contemplated by the testatrix and was in her mind at the very time when she executed her will. The law is satisfied if it unmistakably appears from the will itself that the testatrix while in the act of executing the will was under the moral influence that such an event would exert upon her in making a disposition of her property. The rule excluding extrinsic evidence to show that the testatrix contemplated such an event is a salutary one. It insures that the testatrix alone shall be heard on a question so vitally affecting her desire in disposing of her property as relates to the person who later becomes her husband or child.

It is true that in *Chandler* v. *Chandler,* 147 *Ga.* 561 (94 S. E. 995), it was held that the will there involved was not revoked by the subsequent birth of a child. That will directed that all of testator's property be used for the maintenance of his wife and all of his minor children left at his death, subject to the condition that the lands named be cultivated for the support of his wife and the education of his minor children until his youngest child should become of age, and then sold and divided between his wife and children. It was held that the provisions of the will for the testator's children included the child born subsequently to the execution of the will; that the children were referred to as a class and the subsequently born child was a member of that class. A provision in a will giving an unborn child a beneficial interest in the estate obviously is made in contemplation of the future birth of a child, but a provision giving a beneficial interest in the estate to a named person whom the testator subsequently marries does not show or even intimate that such provision was made in contemplation of the marriage. Thus it is seen that in those cases involving the subsequent birth of a child, any provision in the will which refers to the unborn child is manifestly made in contemplation of its birth; whereas cases involving a future marriage require specific language in the will that shows that testator inserted such provision in contemplation of marriage. A testator

may refer in his will to a woman to whom he is subsequently married; but in the absence of express reference therein to his future marriage, the will does not show that the reference to the woman was made in contemplation of such an event, as required by the statute. A testator can not refer in his will to an unborn child without at the same time contemplating the event or the future birth of a child; or, as was done in *Chandler* v. *Chandler,* supra, a provision for the testator's children at the time of his death, naming the children as a class, embraces and therefore contemplates all children born to him subsequently to the execution of the will and living at the time of his death. The provision in the will here involved, upon which the propounders rely to show that it was made in contemplation of the future marriage of testatrix, simply gives to Sam Williams a beneficial interest in the estate of the testatrix, for life. She subsequently married Sam Williams, but neither this provision of the will nor any other language therein shows or intimates that this was made in contemplation of the future marriage of testatrix. See, to same general effect, Ingersoll *v.* Hopkins, 170 Mass. 401 (49 N. E. 623, 40 L. R. A. 191); Toomer *v.* Van Antwerp Realty Cor., 238 Ala. 87, 189 So. 549, 123 A. L. R. 1063); Fulton Trust Co. *v.* Trowbridge, 126 Conn. 369 (11 Atl. 2d, 393, 127 A. L. R. 747); In re Bent's Estate, 142 Misc. 811 (255 N. Y. Supp. 538); In re Reilly's Estate, 130 Misc. 320 (224 N. Y. Supp. 316); In re Ryan's Estate, 191 Cal. 307 (216 Pac. 366); Wood *v.* Corbin, 296 Ill. 129 (129 N. E. 553). It is argued by counsel that the purpose of the statute is to protect the future spouse or child; and that the purpose of the statute is satisfied in this case, because the future husband was given a beneficial interest in the estate. We are asked to construe the statute to mean that "provision for" is the equivalent of "in contemplation of." The statute will bear no such interpretation. Its language is unambiguous. It clearly expresses the intention of the legislature that in every case subsequent marriage or birth of a child will revoke a will, unless the will contains a provision which is made *in contemplation of such an event.* In *Neal* v. *Moultrie,* 12 *Ga.* 104, 110, this court, in speaking of an act of the legislature which clearly expressed the legislative intent, said: "If the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs, and can receive none. It stands

self-interpreted, and courts have nothing to do but to enforce it. The exclusion of interpretation, where none is needed, may be stated to be, notwithstanding the absurdity which it involves, the *first rule of construction.*" To the same effect, see *Lloyd Adams Inc.* v. *Liberty Mutual Insurance Co.,* 190 *Ga.* 633 (3) (10 S. E. 2d, 46). There is no provision in the will showing the will to have been made in contemplation of the subsequent marriage of the testatrix; and therefore the marriage revoked the will. The verdict complained of was demanded by the evidence.

. ■ Since, as ruled above, the evidence demanded the verdict in favor of the caveatrix, the judgment must be affirmed. Special grounds of the motion complaining of excerpts from the charge will not be considered.

*Judgment affirmed. All the Justices concur.*

GRICE, Justice, concurring specially. I agree to the judgment, to the reasoning on which the opinion rests, and to all that is said therein, except the inference to be drawn from the comments made concerning the decision in *Chandler* v. *Chandler,* 147 *Ga.* 561 (supra). The ruling there made does not control the present case. In the opinion in that case it was observed: "It will also be noticed that the afterborn child in this case was *en ventre sa mere* at the date of the execution of the will. For beneficial purposes she will be considered, both under our law and under the common law, as a child in being, and will take directly under the devise to children. *Morrow* v. *Scott,* 7 *Ga.* 535; *Downing* v. *Bain,* 24 *Ga.* 372." If what is quoted above states a correct principle of law, then whether or not the provision in the will under consideration met the requirements of the Code, § 113-408, was not involved in the *Chandler* case, and the discussion referred to in the opinion in the instant case by Mr. Justice Duckworth was unnecessary to a disposition of that case. The *Chandler* decision was by five Justices, and may have been correctly decided. It is not necessary, however, for this court so to declare in the instant case.

This special concurrence is filed for the reason that it is difficult for me to agree that a devise in a will for the benefit of testator's wife "and all the minor children left with me at my death" was a provision made in contemplation of the birth of an afterborn child. The correctness of the decision in the present case does not have to rest on the soundness either of the conclusion reached or the dis-

cussion contained in the *Chandler* case; and until a case is before this court in which the precise question dealt with in the *Chandler* case again arises, I see no occasion for here and now declaring that the views therein expressed were sound, or at least to assume the soundness of that decision, as the leading opinion apparently does.