29336. McPARLAND et al. v. McPARLAND et al.

NICHOLS, Chief Justice.

The sole issue presented in this appeal is one of "will or no will." Thomas E. McParland executed a will in 1955. At that time he had three living daughters but thereafter two additional daughters were born of his marriage to Sylvia B. McParland, and the question presented is whether or not such will was revoked under the provisions of Code Ann. § 113-408 by the birth of a child.

The testator's will left his entire estate to his wife provided she survived him by 30 days. The will then provided, in the event the wife should not survive the testator by 30 days, for a trust for the benefit of three named children and provided that the trust should be terminated "after the last child born reaches his or her majority . . ."

The children born after the will was executed being minors, a guardian ad litem was appointed to represent them. The guardian ad litem filed a caveat to the application for probate in solemn form which caveat was upheld in the court of ordinary. On appeal to the superior court the case was heard before a jury and a verdict rendered upholding the validity of the will. The present appeal is filed for the minor children by the guardian ad litem.

Pretermitting other ambiguities and conflicts in the language used in drafting the will, the only ambiguity found which could affect the testator's intent to provide for future born children is found in Item Four. This item

names a bank as trustee in the event the testator's wife should not survive him by 30 days. This item of the will provides a "trust for the use and benefit of the following named children: Sharron S. McParland, Patricia Ann McParland, Shelia Faye McParland during their minority . . ." Provision is then made in such item of the will for the payment of funds on a month-to-month basis for the support of the beneficiaries "during the minority of the last born child referred to herein . . . [and] should there be any funds left after the last born child reaches *his or her* [emphasis supplied] majority, the same shall be distributed to the then living children . . ."

The ambiguity relied upon to permit the use of parol testimony is the "his or her" quoted above.

Except for a provision added by the General Assembly in 1952 including divorce as an event which would revoke a prior will where no provision is made in contemplation of such event, the provisions of Code Ann. § 113-408 have remained virtually unchanged for well over 100 years. In *Deupree v. Deupree,* 45 Ga. 415, 439 (p. 440 in reprint), it was said: "The revocation is, by these words, made to turn, not upon any provision made for the wife or child, but upon whether the testator, by his will, has made a provision for such an event. If, by his will he has done so, the will is not revoked; if he has not, it is revoked. It is immaterial whether this provision for the event is a provision for the benefit of the wife or child or not; it is enough if it is for the event. If the provisions of the will meet the requirements of the statute, it is not revoked; if they do not, it is revoked. Whether the wife or child is provided for in some other way has nothing to do with it; the law, by its express, positive terms, makes it turn upon the provisions of the will.

"The only questions to be asked are: 1st, Was the marriage or birth subsequent to the making of the will? 2d, Does the will make a provision for the event? If the first question must be answered in the affirmative and the second in the negative, the will must stand revoked, unless the Court has power to say and does say that it will alter or modify the law to meet a case that it may think a hard one."

In *Ellis v. Darden,* 86 Ga. 368, 374 (12 SE 652, 11

LRA 51), it was held: "In order to save a will from revocation by subsequent marriage the will itself must contain the requisite evidence that the event was contemplated. At least, such evidence must appear on the face of some document offered for probate as a part of the will. *Deupree v. Deupree,* 45 Ga. 415."

While generally, under the provisions of Code § 113-807, parol evidence may be introduced to explain any ambiguities in a will, yet the appellant has cited no case from Georgia where parol evidence has been permitted to explain that a testator had executed a will in contemplation of marriage or birth of a child and we have found none.

The provisions of the will which seek to set up a trust for three named children and which provide that upon the termination of such trust any funds remaining shall be distributed among the then living children, and that the purpose of the trust is the support of the aforesaid children, does not show that such will was executed in contemplation of the birth of any additional child or children and the mere erroneous use of "his or her" at a time when the testator had only daughters would not authorize a determination that such will was made in contemplation of the birth of an additional child. The judgment of the superior court upholding the validity of the will was error and must be reversed.

*Judgment reversed. All the Justices concur. Hill, J., not participating.*

Submitted November 14, 1974 — Decided January 8, 1975.

*Lokey & Bowden, John A. Nix,* for appellants.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Alex W. Smith, Hillyer McD. Young,* for appellee.