## 29527. JOHNSON et al. v. CROMER et al.

GUNTER, Justice.

This is an appeal from a judgment that granted judgment on the pleadings in favor of the caveator in a will probate case. The only issue for decision is whether the will contained a provision in contemplation of the testator's subsequent marriage sufficient to prevent revocation of the will by operation of law under Code Ann. § 113-408.

We affirm the judgment below.

In 1961, Hoyt J. Cromer executed a will leaving his entire estate to his brothers and sisters and to the brothers and sisters of his deceased wife. Item III of the will stated: "I declare that except as provided in this will, I have intentionally omitted to provide herein for any of my heirs living at the time of my death." In 1963, the testator married the caveator-appellee. The testator was subsequently adjudged incompetent, and the appellee was appointed his guardian. He died in 1973.

In February, 1974, the will executed in 1961 was offered for probate in the court of ordinary on the basis of a conformed copy. The original could not be located. Appellee filed a caveat on three grounds: (1) that the will was revoked by the testator's subsequent marriage; (2) that probate could not be based on a copy of the will, and (3) that the will was revoked by destruction in accordance with Code § 113-404. Some of the beneficiaries named in the will intervened on the side of the propounder. By consent the controversy was taken to the superior court where appellee moved for judgment on the pleadings. The appellee's motion was granted on the ground that the will had been revoked by the testator's marriage after the execution of the will. The other two grounds of the caveat

were not ruled upon in the trial court, and they are not properly before this court on this appeal.

A will is revoked by the subsequent marriage of the testator unless the will makes some provision in contemplation of the marriage. Code Ann. § 113-408; *Simpson v. Dodge,* 220 Ga. 705 (141 SE2d 532) (1965). Under this rule, the only questions to be decided are: (1) whether the marriage was subsequent to the will and (2) whether the will makes any provision for that event. *Deupree v. Deupree,* 45 Ga. 415 (1872); *McParland v. McParland,* 233 Ga. 458 (211 SE2d 748). In the case at bar it is established that the testator entered into a valid marriage subsequent to the execution of the will. The only question to be determined here is whether Item III of the will, quoted above, was a provision in contemplation of that event within the meaning of Code Ann. § 113-408.

It is not sufficient that the will contains a provision as to the person who is subsequently married; the will must provide for the *event of marriage. Williams v. Lane,* 193 Ga. 306 (18 SE2d 481) (1942); *Sutton v. Hancock,* 115 Ga. 857 (42 SE 214) (1902). The terms of the will itself must show that the testator contemplated the event; parol evidence is not admissible to prove this fact. *Ellis v. Darden,* 86 Ga. 368 (12 SE 652) (1890); *McParland v. McParland,* supra.

Under the case law in this jurisdiction, to avoid revocation of a will by a subsequent marriage, it must appear in "clear and unmistakable terms" (*Sutton,* supra) that the testator contemplated the event of a future marriage and made some reference to that event. Under this test, a general provision, as contained in the will in this case, disinheriting all "heirs" not expressly provided for is insufficient to show that the testator contemplated a future marriage. The judgment of the trial court was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED APRIL 8, 1975.

*William O. Carter,* for appellants.

*Andrew J. Hill, C. Patrick Milford, Edward E. Strain, III,* for appellees.