24017

Irene S. MILES, Fannie Mae Miles and Bernice Miles, Respondents v. Georgia Hall MILES, Individually and as Personal Representative of the Estate of Grady Miles and the Estate of Grady Miles, Appellant.

(440 S.E. (2d) 882)

Supreme Court

*Dennis M. Gmerek,* Langley, *for appellant.*

*Richard L. Pearce,* Aiken, *for respondents.*

Heard Jan. 5, 1994. Decided Feb. 22, 1994.

Reh. Den. Mar. 15, 1994.

CHANDLER, Justice:

Georgia Mae Hall Miles (Miles) appeals Circuit Court's Order holding that she is not an "omitted spouse" under the Will of Decedent, Grady Miles.

We reverse.

## FACTS

Decedent executed a Will on October 26, 1989, leaving his then "friend," Georgia Mae Hall, his automobile and a life estate in his home; the remaining assets were left to his sister and sisters-in-law. Decedent and Miles subsequently married on February 21, 1991. Decedent died on September 21, 1991, never having altered the 1989 Will. Miles instituted this action, claiming entitlement to Decedent's entire estate[1] as an "omitted spouse" under S.C. Code Ann. § 62-2-301(a) (Supp. 1992).

Probate Court held that Miles was an "omitted spouse." Circuit Court reversed, holding that provision was made for Miles in Decedent's Will, rendering the omitted spouse's statute inapplicable.

## ISSUE

Is Miles an "omitted spouse" under § 62-2-301(a) (Supp. 1992)?

---

[1] Section 62-2-301 abates the testator's will to the extent necessary to satisfy the surviving spouse's intestate share. *See* Comments to § 62-2-301 (1987). Here, it is undisputed that had Decedent died intestate, Miles would be entitled to the entire estate as Decedent left no issue.

## DISCUSSION

The Omitted Spouse's statute provides:

(a) *If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will,* the omitted spouse, upon compliance with the provisions of subsection (c), shall receive the same share of the estate he would have received if the decedent left no will unless:

(1) it appears from the will that the omission was intentional; or

(2) the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence. (Emphasis supplied.)

Here, the Will makes provision for Miles by leaving to her Decedent's car and a life estate in his home. The issue then becomes whether this provision suffices to negate application of the "omitted spouse" statute. Although novel to South Carolina, the issue has been addressed by other courts.

Where a testator makes a specific bequest and expresses a clear indication that the bequest is made "in contemplation of marriage," courts generally hold that the subsequent marriage does not operate to revoke the testator's Will. *See, e.g., Estate of Nichols,* 428 So. (2d) 372 (Fla. App. 1983); *Estate of Bridler,* 165 Cal. App. (2d) 486, 331 P. (2d) 1028 (1958); *Re Simon's Estate,* 232 App. Div. 214, 249 N.Y.S. 683, *aff'd* 257 N.Y. 539, 178 N.E. 785 (1931); *Ford v. Greenawalt,* 292 Ill. 121, 126 N.E. 555 (1920).

A number of courts hold that, absent an express intent to marry, provision in a Will for one who subsequently becomes a spouse is insufficient to satisfy the omitted spouse's statute. *See generally Estate of Ganier,* 418 So. (2d) 256 (Fla. 1982); *Estate of Spencer,* 60 Hawaii 497, 591 P. (2d) 611 (1979); *Estate of Poisl,* 44 Cal. (2d) 147, 280 P. (2d) 789 (1955); *Williams v. Lane,* 193 Ga. 306, 18 S.E. (2d) 481 (1942); *Re Bents Estate,* 142 Misc. 811, 255 N.Y.S. 538 (1932); *Barlow v. Barlow,* 233 Mass. 468, 124 N.E. 285 (1913).

We accord with those jurisdictions which hold that, absent specific language in the Will, or sufficient extrinsic evidence

that a bequest was made "in contemplation of marriage,"[2] a spouse has not been "provided for" under the "omitted spouse's statute."

Here, there is no evidence the bequest was made in contemplation of marriage. To the contrary, Miles testified that she had rejected numerous marriage proposals from Decedent, finally agreeing to marriage one year *after* the Will was executed. Accordingly, the Will makes no provision for Miles in her capacity as a spouse.

## CONCLUSION

We hold that a spouse has not been "provided for" within the meaning of § 62-2-301 unless the decedent considered the surviving spouse *in that capacity* at the time the will was executed. The judgment below is

Reversed.

FINNEY, TOAL and MOORE, JJ., concur.

HARWELL, C.J., not participating.

---

[2] *See, e.g., D'Ambra v. Cole*, 572 A. (2d) 268 (R.I. 1990); *Estate of Day*, 7 Ill. (2d) 348, 131 N.E. (2d) 50 (1955).