S97A1600. LEGARE v. LEGARE et al.
(490 SE2d 369)

CARLEY, Justice.
The will of Ms. Naomi Brown devised the residue of her estate to

her nephew "John Houston Legare." However, she had no nephew by that name. Instead, Ms. Brown had two nephews, who were estranged brothers, one named John Edward Legare and the other named James Houston Legare. After John Edward Legare died, appellant, in her capacity as his administratrix, brought a declaratory judgment action against appellees, in their capacities as Ms. Brown's executors. The action sought a determination as to which nephew was the intended beneficiary. Appellees filed a motion in limine, seeking to limit the evidence in the case to that concerning those circumstances which surrounded the ceremonial execution of Ms. Brown's will and those statements which were made by Ms. Brown at that time. The trial court granted the motion in limine, but certified its order for immediate review. Appellant applied for an interlocutory appeal, contending that the trial court's evidentiary ruling was erroneously restrictive. We granted the application to address this contention.

The primary guide in construing a will is the intention of the testator as gathered from the four corners of the document. *Worley v. Smith*, 236 Ga. 888, 889 (225 SE2d 911) (1976). However, the admissible evidence in a will construction case is not limited to the document itself. A will is to be read as a whole *and* "in light of the circumstances surrounding its execution. . . . [Cits.]" *Cumming v. Cumming*, 219 Ga. 655, 658-659 (1) (135 SE2d 402) (1964). The circumstances which surround the execution of a will include more than simply those events which occurred at its ceremonial execution. The ceremony at which Ms. Brown affixed her signature to her will was the final, but not the only, circumstance surrounding its execution. See *Cumming v. Cumming*, supra at 659 (1) ("surrounding circumstances" included plans for an airplane trip, childlessness and professional legal experience in the area of descent and distribution). Although the general rule is that parol evidence is inadmissible to explain a will, there is a long-recognized exception "for the purpose of proving the circumstances surrounding the testator; that is to say, his situation in his relations to persons and things about him." *Billingslea v. Moore*, 14 Ga. 370, 374 (2) (1853). This exception has been codified in OCGA § 53-2-94, which provides, in relevant part, that, "[w]hen called upon to construe a will, the court may hear parol evidence of the circumstances surrounding the testator at the time of the execution of the will. . . ." The most important of these "surrounding circumstances" are "the recipients of testator's bounty, their relations to him and associations with him, his uniform affection for them, or any interruption thereof." *Olmstead v. Dunn*, 72 Ga. 850 (1) (b) (1884). Although evidence of the "surrounding circumstances" is never admissible for the purpose of showing a different intention than that expressed by the unambiguous and unmistak-

able language of the will, such evidence is always admissible as a general aid in the construction of a will. *Hungerford v. Trust Co.*, 190 Ga. 387, 389 (9 SE2d 630) (1940). "Proof of the situation and circumstances of a testator and his family, of his property and legatees, and the like, is always admissible to aid in the construction of a will. [Cit.]" *Watts v. Finley*, 187 Ga. 629 (3) (1 SE2d 723) (1939). Thus, evidence regarding the ceremonial execution of Ms. Brown's will is admissible as the final circumstance surrounding her execution thereof, but that evidence is not the only admissible circumstance which surrounds the execution of her will.

There is yet another exception to the general rule of inadmissibility of parol evidence in a will construction case. "Also parol evidence is admissible to explain or clarify ambiguous provisions of [a] will. [Cit.]" *Watts v. Finley*, supra at 629 (3). This exception likewise has been codified in OCGA § 53-2-94, which provides, in relevant part, that, "[w]hen called upon to construe a will, the court may hear . . . parol evidence to explain all ambiguities, both latent and patent." Parol evidence which is admissible to explain or clarify an ambiguous provision in a will is not limited to the circumstances surrounding its execution.

In this situation, parol evidence of all of the facts and circumstances respecting persons and property to which the will relates are admissible as legitimate evidence to show the intention and application of the words used. [Cits.] In cases of latent ambiguity in a will, parol evidence of the language or declarations of the testator is admissible (as an exception to the rule excluding hearsay evidence) to show his real meaning. [Cits.]

*Scheridan v. Scheridan*, 132 Ga. App. 210 (1, 2) (207 SE2d 691) (1974), transferred to the Court of Appeals in 231 Ga. 729 (204 SE2d 293) (1974). Ms. Brown's will contains a latent ambiguity as to which of her two nephews was the intended beneficiary. See *Oliver v. Henderson*, 121 Ga. 836, 838 (49 SE 743) (1905). Thus, evidence as to all of the facts and circumstances respecting Ms. Brown and her two nephews, as well as parol evidence of Ms. Brown's declarations, is admissible to explain the latent ambiguity in her will so that the trier of fact can determine which of her nephews was her intended beneficiary.

Thus, the trial court erred in granting the motion in limine, precluding the introduction of evidence which is admissible under the two exceptions to the parol evidence rule recognized in OCGA § 53-2-94.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Jones, Boykin, Stacy & Associates, Noble L. Boykin, Jr., Harold J. Cronk,* for appellant.

*Andrew & Threlkeld, Reid A. Threlkeld, W. Allen Separk,* for appellees.