S99A1039. EMMERTZ v. CHERRY.
(520 SE2d 219)

HUNSTEIN, Justice.

Prior to his death in September 1997, Lawrence Emmertz purchased three life insurance policies and named as the sole beneficiary his daughter, Sandra Emmertz Cherry. Cherry was also a beneficiary, along with her two brothers, of the residual estate under her father's will. Because the testator had retained incidents of ownership in the life insurance policies, this nonprobate property was included in the value of his gross estate for Federal estate tax purposes. See § 2042 (2) of the Internal Revenue Code of 1986 ("IRC"), 26 USC § 2001 et seq. Lawrence Emmertz, Jr., the executor of the probated will, paid the estate taxes out of the residuum. The pro rata share of the estate taxes paid on the life insurance proceeds amounted to $122,104. The executor thereafter sought to recover this sum from Cherry and when Cherry refused, the executor filed a declaratory judgment action in probate court to ascertain his duty concerning recovery of the taxes. The probate court found in Cherry's favor, concluding that the executor's recovery of the taxes had been

waived by language in the testator's will.[1] That language, in Item IV of the will, provided in the first sentence that

> I hereby direct that all Estate, inheritance, succession or death taxes shall be paid from my Residual Estate and that no part be paid from that part of my Estate which is exempt from such tax as a marital deduction or from specific legacies.

The third sentence of Item IV provided that

> My Executor shall recover from the recipients of any property included in my Estate for federal estate tax purposes, because of a power of appointment held by me or because of any qualified terminable interest, the portion of such taxes legally recoverable.

We affirm the probate court's ruling that the testator in Item IV of his will waived the executor's right to recover from Cherry a pro rata portion of estate taxes paid on the life insurance policies.

IRC § 2206 provides that

> [u]nless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of [life insurance policies] receivable by a beneficiary other than the executor, the executor shall be entitled to recovery from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the taxable estate.

See also 34A AmJur2d, § 143,806. Pertinent to this appeal, there are two other provisions in the Internal Revenue Code which are comparable to § 2206, in that they authorize the recovery of pro rata estate taxes paid for qualified terminable interest property (QTIP) or property over which the testator held a power of appointment. IRC §§ 2207 and 2207A.

The intent of the testator as gathered from the four corners of the will must serve as the primary guide in determining whether the testator "direct[ed] otherwise" so as to waive the executor's right to recover a pro rata share of estate taxes from the beneficiary of nonprobate property. See generally *Legare v. Legare*, 268 Ga. 474 (490 SE2d 369) (1997). The will in issue here in the first sentence of Item

---

[1] Additionally, Cherry counterclaimed for an accounting. The trial court found that the executor had provided the requested accounting to the satisfaction of all the parties.

IV directs the payment of "all Estate, inheritance, succession or death taxes" from the residuum, but it does not contain language specifically providing for the payment of taxes on the life insurance proceeds from the residual estate. The third sentence of Item IV reflects the testator's knowledge of the estate tax consequences of nonprobate property and his express exclusion from the initial "pay all taxes" provision of those taxes his estate could incur from two specific types of nonprobate property, i.e., QTIP and power of appointment property, pursuant to IRC §§ 2207 and 2207A.

We agree with the probate court that there existed adequate proof of the testator's intention in Item IV to include the taxes on the life insurance proceeds in the "pay all taxes" provision in the first sentence by reading that sentence together with the third sentence. In this regard, the third sentence indicated that the testator knew he owned nonprobate property on which taxes would be due and also indicated that the testator believed that the first sentence would encompass taxes on such nonprobate property unless he expressly exempted that property from the "pay all taxes" provision. The testator accomplished this exemption in the third sentence as to QTIP and power of assignment property but deliberately declined to include the life insurance proceeds within the exemption. Accordingly, by omitting life insurance proceeds among those nonprobate properties the taxes on which the executor was specifically instructed in the third sentence to recover, the testator thus indicated that he intended for the taxes on the life insurance proceeds to be included in the "pay all taxes" provision of the first sentence.[2] We thus reject the executor's argument that because the will does not expressly direct the executor not to recover the pro rata share of estate taxes paid on the life insurance policies proceeds, the testator did not "direct[ ] otherwise" pursuant to § 2206.

In so concluding, the probate court correctly determined that the situation here is more comparable to *Estate of Tovrea v. Nolan*, 845 P2d 494 (Ariz. 1992) ("pay all taxes" provision which expressly excluded taxes on QTIP property indicated testator's intent that taxes on other nonprobate property such as life insurance policies be paid from estate's residuum) than the case on which the executor relies, *Cooney v. First National Bank of Kenosha*, 541 NW2d 467 (Wis. 1995) ("pay all taxes" provision did not authorize payment of taxes on nonprobate property out of estate's residuum where nothing in will indicated testator's awareness of nonprobate property and payment of taxes on such property would deplete residuum, thereby

---

[2] Given the language in the third sentence in Item IV, we need not here determine if a sentence directing an executor to "pay all taxes" is sufficient in itself to "direct otherwise" under IRC § 2206.

thwarting testator's bequests to charity). See also Construction and Application of "Pay-All-Taxes" Provision in Will, as Including Liability of Nontestamentary Property for Inheritance and Estate Taxes, 56 ALR5th 133.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*Powell, Goldstein, Frazer & Murphy, William J. Linkous, Jr., Cynthia D. Kennedy, David G. Ross,* for appellant.

*Altman, Kritzer & Levick, Duane D. Sitar, Joseph S. Carr,* for appellee.