S01A1007. EVANS et al. v. PALMOUR.
(553 SE2d 585)

SEARS, Presiding Justice.

This appeal is brought from the probate court's ruling upholding a 1990 will made in contemplation of a subsequent marriage. The relevant precedent of this Court, the relevant sections of the Georgia Code, and learned treatises on this subject all provide that when a will clearly states it is made in contemplation of a subsequent marriage and it is the testator's intention that the will not be automatically revoked upon such marriage, the will is not revoked by operation of law when, after executing the will, the testator marries. Furthermore, having reviewed the Code, our case law, and relevant treatises regarding this subject, we conclude that the validity of a will's "in contemplation of marriage" provision is not dependent upon the testator's identification of his or her intended spouse. Therefore, we affirm.

In 1990 Joseph Llop executed his will, in which he devised his entire estate to his daughter, appellee Marianna Llop Palmour. Llop's will included this provision: "I make this will in contemplation of my marriage and in such event it is my intention that this will be valid and not be revoked by operation of law." In February 1997, seven years after executing his will, Llop married Angela Vera, whom he did not know at the time he drafted his will in 1990. Llop and Vera divorced in 1998, and Llop died in 2000. Approximately two months later, appellee Palmour offered Llop's will for probate.

Appellants, who are Llop's ten other children, challenged the probate of the will, arguing that Llop's 1990 will had been revoked by operation of law when he married Vera in 1997. On cross motions for summary judgment, the probate court held that Llop's will was valid, and this appeal follows.

1. We reject appellant's contention that the "in contemplation of marriage" clause in Llop's will was invalid because it did not identify his future spouse, and that Llop's will therefore was revoked upon his marriage to Vera. The Georgia Probate Code provides that whenever a will does not state it is written in contemplation of marriage, it is revoked by operation of law when the testator subsequently marries.[1]

---

[1] OCGA § 53-4-48 (a) (1998). Even though Llop's will was executed in 1990 and he married in 1997, the Revised Probate Code of 1998 is relevant to our consideration of appellant's claim that Llop's marriage invalidated his will. The Revised Probate Code became effective on January 1, 1998, more than two years before Llop's death, and the only exceptions to its application are "that no vested rights of title, . . . succession, or inheritance" may be impaired as a result. OCGA § 53-1-1 (b). Because a will does not become operative until the testator's death, 1 Redfearn, *Wills, Ga.,* § 5-19, pp. 119-120 (6th ed. 2000), there were no vested rights under Llop's will when the Revised Probate Code became effective. Hence, the Revised Code is applicable to this matter. (We note, however, that the 1998 revisions to the

Conversely, our case law provides that when a will clearly states it is written in contemplation of marriage, it remains valid even when the testator subsequently marries.[2]

When confronted with the question whether a will was executed in contemplation of marriage, this Court has held that the only issues that must be decided are: "(1) whether [a valid] marriage was subsequent to the will and (2) whether the will makes any provision *for that event*."[3] In this regard, a leading treatise on the subject states that in Georgia, evidence that a will was made in contemplation of marriage must appear in "a provision [of the will] that specifically contemplates *the event*."[4] The purpose of including an "in contemplation of marriage" clause in a will is to memorialize that the testator was operating under a " 'specific moral influence . . . of having before [his or her] mind *a contingent event* so momentous as marriage . . . [and] so deserving of consideration in framing a testamentary scheme.' "[5]

As indicated by the authorities discussed above, Georgia precedent is uniformly concerned with whether a testator contemplated "the event of marriage" when executing a will, and is totally unconcerned with whether a testator plans to marry a specific person at the time a will is executed. This is even reflected in the 1998 version of the Probate Code applicable to this appeal, which stated in pertinent part that: "[T]he marriage of the testator . . . subsequent to the making of a will in which no provision is made *in contemplation of such an event* shall result in a revocation of the will."[6]

Based upon this statutory language and the precedent discussed above, we conclude that a valid "in contemplation of marriage" clause must ensure only that the contingency of marriage is not overlooked when drafting and executing a will, but rather is taken into consideration and provided for by the testator. If the contingency of marriage is provided for and then occurs after the will is executed, that act does not revoke the will by operation of law.

Nothing in Georgia's law indicates that a valid "in contemplation of marriage" clause must identify the individual a testator intends to marry. Appellants cite to no Georgia precedent indicating that such a requirement exists, and our own research has failed to uncover any

---

Probate Code did not create any substantive changes with regard to the revocation of a will upon a subsequent marriage. See OCGA § 53-2-76 (1997).)

[2] *Johnson v. Cromer*, 234 Ga. 73, 74 (214 SE2d 644) (1975); see Redfearn, supra, § 5-17, pp. 114-115.

[3] (Emphasis supplied.) *Johnson*, 234 Ga. at 74.

[4] (Emphasis supplied.) Redfearn, supra, § 5-17, p. 114.

[5] (Emphasis supplied.) *Thornton v. Anderson*, 207 Ga. 714, 715 (64 SE2d 186) (1951); quoting *Ellis v. Dardein*, 86 Ga. 368 (12 SE 652) (1890).

[6] (Emphasis supplied.) OCGA § 53-4-48 (a) (1998).

such authority, either. In this regard, it is noteworthy that the Probate Code section applicable to this appeal addresses not only the effect of a marriage subsequent to the making of a will, but also the effect of a child's birth or adoption subsequent to the making of a will. The 1998 Probate Code states in pertinent part that "the marriage of the testator, the birth of a child to the testator . . . or the adoption of a child by the testator subsequent to the making of a will in which no provision is made in contemplation of such event, shall result in a revocation of the will."[7] Appellants do not (and, we believe, cannot seriously) argue that future children must be identified by name in order for a will made in contemplation of a child's birth or adoption to be valid, yet they do argue that a future spouse must be identified in order for a will made in contemplation of marriage to be valid. However, the identical effect of marriages, births, and adoptions upon a will are addressed simultaneously in the Code, even to the point of being addressed jointly in the same sentence. We think that if the legislature had intended different requirements for wills made in contemplation of marriage than for wills made in contemplation of births or adoptions, it would not have treated them in a simultaneous and an identical manner, as it has. Hence, we agree with the probate court that there is nothing in Georgia's Code or case law that requires a testator to identify his or her intended in a valid "in contemplation of marriage clause," and such a clause is not susceptible to an attack because it fails to identify a future spouse.

Applying these legal principles to the present appeal, it is clear from the language used in Llop's will that he contemplated the contingency of his future marriage when planning his testamentary disposition, and he made unambiguous provision for that contingency by stating that in the event of his subsequent marriage, it was his "intention that [his] will be valid and not be revoked by operation of law." It follows that the "in contemplation of marriage" clause in Llop's will was effective to prevent the revocation of his will upon his subsequent marriage, and the probate court properly ruled accordingly.

2. The probate court did not err in refusing to admit parol evidence on the issue of whether Llop intended to marry a particular person at the time he executed his will. As explained above, that question is wholly irrelevant to whether Llop's will contained a valid "in contemplation of marriage" clause. Moreover, the long-standing rule in Georgia is that a will must be construed in accordance with the testator's intention as expressed in the document itself.[8] Except

---

[7] OCGA § 53-4-48 (a) (1998).
[8] *Legare v. Legare*, 268 Ga. 474, 475 (490 SE2d 369) (1997).

for very limited purposes, none of which are at issue here, parol evidence is inadmissible to explain the provisions of a will.[9]

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I fully concur in all of the majority opinion, including its conclusion that, pursuant to OCGA § 53-4-48 (a) of the Revised Probate Code of 1998, "the 'in contemplation of marriage' clause in Llop's will was effective to prevent the revocation of his will upon his subsequent marriage," even though that clause did not identify his future spouse. I write separately, not to detract from the majority's excellent analysis, but rather to point out that, like his marriage, Llop's later divorce does not result in the revocation of his will. Although the Probate Code revision did not change the law as to the effect of a subsequent marriage on a will, it substantially changed the law with respect to a subsequent divorce.

As the majority correctly observes in footnote 1, "the 1998 revisions to the Probate Code did not create any substantive changes with regard to the revocation of a will upon a subsequent marriage. [Cit.]" However, the Revised Probate Code did make substantive changes regarding the revocation of a will because of a later divorce. Under former OCGA § 53-2-76, a testator's total divorce, "subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will." Under the currently applicable code section, however, "[a]ll provisions of a will made prior to a testator's final divorce . . . in which no provision is made in contemplation of such event shall take effect as if the former spouse had predeceased the testator. . . ." OCGA § 53-4-49 (also limiting the applicability of the anti-lapse statute in such a situation). Neither the marriage nor the divorce operated as a revocation of Llop's will under the applicable provisions of the Revised Probate Code of 1998, and the Court correctly affirms the trial court's judgment.

DECIDED OCTOBER 1, 2001.

*Kilpatrick Stockton, Matthew H. Patton, A. Kimbrough Davis, Jill Warner,* for appellants.

*Albert C. Palmour, Jr., Johnny R. Dennis, Parker, Hudson, Ranier & Dobbs, G. Wayne Hillis, Aaron W. Lipson,* for appellee.

---

[9] Id.