302 Ga. 23
FINAL COPY

S17A0720.  HOBBS v. WINFIELD et al.

BENHAM, Justice.

This case involves the revocation of a will due to after-born children of the testator.  The probate court determined the will did not contemplate the birth of future children, and therefore their birth revoked the will.  The named beneficiary appeals.

The record shows that the testator, Alphonzo Raul Hobbs, executed a will in 1989 when he was a 20-year-old serving in the military.  The will named Hobbs's mother as sole beneficiary and personal representative of the estate, and, in the event his mother did not survive him, he named his "grandmother," appellant Evelyn Hobbs, as the successor beneficiary and successor personal representative.  Alphonzo's mother predeceased him, and Alphonzo died in 2007.  He fathered three children out of wedlock, each of whom he legitimated and supported, the oldest of whom was born twelve years after he executed the will.  In 2008, appellant filed a petition to probate the will.  Appellant acknowledged in her filings that she was not Alphonzo's

biological grandmother but represented that she had reared him from infancy. The probate court appointed guardians ad litem for the children. By order dated May 29, 2008, the probate court found that the validity of the will was in question and that the assets of the estate may not have been properly protected, and it declined to appoint appellant as personal representative of the estate. Instead, the court appointed the County Administrator. The following day, the administrator filed a caveat to the will asserting that the will made no provision for the future birth of a child to the testator and that, as a consequence of children being born, the will should be revoked pursuant to OCGA § 53-4-48 and should not be probated. A petition for a year's support was filed on behalf of each child.

After further proceedings, the probate court conducted a hearing on the caveat to the will. The probate court entered an order dated May 3, 2016, in which it agreed with the administrator of the estate and found the will made no provision in contemplation of future children. It further found that because of the birth of the testator's children years after the date the will was executed, the will was revoked, the testator was deemed to have died intestate, and the three children are the testator's legal heirs. The probate court set a date for a hearing to determine the assets to be set aside for the

2

children as an award of a year's support. A notice of appeal was filed in the Court of Appeals, which transferred the case to this Court.[1]

1. Generally speaking, the birth of a child to the testator after the making of a will "in which no provision is made in contemplation of such event shall result in a revocation of the will . . . ." OCGA § 53-4-48 (a).[2] In such a case, by statute, the after-born child is to receive the share of the estate he or she would have received if the testator had died intestate. See OCGA § 53-4-48 (c). Appellant contends the probate court erred in finding the will was not made in contemplation of future children. She points to Item VI of the will, which states as follows:

I have served in the Armed Forces of the United States. Therefore, I direct my Personal Representative to consult the legal assistance officer at the nearest military installation to ascertain if there are any benefits to which my dependents are

---

[1] The notice of appeal in this case was filed prior to the January 1, 2017 effective date of OCGA § 15-3-3.1, pursuant to which jurisdiction in cases involving wills was vested in the Court of Appeals rather than the Supreme Court.

[2] As noted in subsection (a) of the statute, certain limitations apply to the revocation of the will by the event of after-born children or the marriage of the testator after making the will. Pursuant to subsection (b), a provision of a class of the testator's children is presumed to be made in contemplation of the birth or adoption of additional members of that class. And subsection (c) sets forth the manner in which the net residuum of the estate is to be distributed in order to satisfy the child or spouse's intestate share of the estate.

entitled by virtue of my military affiliation at the time of my death. Regardless of my military status at the time of my death, I direct my Personal Representative to consult with the nearest Veterans Administration and Social Security Administration office to ascertain if there are any benefits to which my dependents may be entitled.

Appellant argues that future-born children would fall within the definition of the testator's dependents who would be entitled as a matter of law to Social Security survivor benefits if they met certain age and dependency criteria at the time of the testator's death. Accordingly, appellant argues, the language of the will clearly demonstrates the testator contemplated future-born children and expressly provided for them by way of the federal survivors' benefits they may be entitled to collect upon his death.

The paramount objective when a court construes a will is to determine the intent of the testator. See *Anderson v. Anderson*, 299 Ga. 756, 759 (2) (791 SE2d 40) (2016). To accomplish this, "courts must look to the entire will and the circumstances surrounding its execution." *Timberlake v. Munford*, 267 Ga. 631, 632 (481 SE2d 217) (1997). Appellant does not

4

assert that the language of the will is ambiguous. Instead, she argues that use of the term "my dependents" clearly demonstrates the contemplation of future-born children. We are unpersuaded.

Appellant acknowledges that "dependents" for purposes of determining Social Security and veteran survivor benefits may include more than just children, and may include a dependent spouse, as well. See 38 USC § 5121 (a) (2) (A) (establishing eligibility for veterans benefits to the surviving spouse); 20 CFR § 404.330 (establishing eligibility for Social Security Administration old-age or disability benefits for the spouse of an insured person). In fact, dependent parents may also be entitled to veterans survivor benefits (see 38 USC § 5121 (a) (2) (C)) and Social Security benefits (see 20 CFR § 404.374). Reference to dependents who may be entitled to government survivor benefits no more indicates the testator contemplated future-born children, who would thereby be pretermitted from inheritance from the testator's estate, than it indicates he contemplated marriage, thereby excluding any future spouse from inheritance. The clear language of the will merely directed the personal representative of the testator's estate to "consult" with government authorities "to ascertain" whether his dependents were entitled to certain government benefits upon his death.

The parties agree that at the time the testator executed this will he was a 20-year-old serving in the military who had not married and had no children. We agree with the appellee that, considering these circumstances, it does not appear the testator intended the reference to survivor benefits under federal law, to which his "dependents" might be entitled, to indicate a contemplation of future-born children or to provide a benefit to them.[3] In fact, it appears that the language of Item VI of the will is a standard clause recommended for use in wills drafted by military assistance lawyers for service personnel.[4] The stated reason for including such language in a service person's will is to alert the "survivors" (not simply the dependents) of former or retired military personnel that they may be entitled to survivor benefits that are difficult or impossible to recover if not obtained promptly after the veteran's death.[5]

---

[3] Item VI of the will cannot be construed as directing the personal representative of the estate to provide some benefit to the testator's dependents, currently in life or future-born, because if survivor benefits existed at the time of the testator's death, they existed by operation of law by virtue of the testator's status as a veteran and a wage earner enrolled in the Social Security system, and did not depend upon any provision made in the will.

[4] See The Army Lawyer, Dept. of the Army Pamphlet 27-50-103, July 1981, pp. 18-19, Maj. Joel R. Alvarey et al., Legal Assistance Items, Section 1, Wills—Provisions for Survivor's Benefits. www.loc.gov/rr/frd/military_law/pdf/07-1981.pdf. (Website last accessed August 29, 2017.)

[5] Id.

What matters is whether the will contemplates the *event* of after-born children.  See *McParland v. McParland*, 233 Ga. 458, 459 (211 SE2d 748) (1975).  See also *Shackelford v. Washburn*, 60 S. 318 (Ala. 1912) (applying Alabama's similar will revocation rule).  Over a century ago, this Court held that in order to serve as a disinheritance of a future-born child, a provision in a will "must refer to the contingent event in some way and provide for it, either by unequivocally making a beneficial provision for the child or by disinheriting it altogether in such clear and unmistakable terms as to leave no doubt that the testator had the event in mind." (Emphasis omitted.)  *Sutton v. Hancock*, 115 Ga. 857, 863 (42 SE 214) (1902) (where the will requested the testator's wife and sole beneficiary to take care of their children, and another child was born after the will was made, this Court held the will did not indicate the testator contemplated the birth of children in addition to those in life at the time the will was executed).  While the applicable statute has been amended since the date of the *Sutton* case to state that "[a] provision in a will for a class of testator's children shall be presumed to be made in contemplation of the birth or adoption of additional members of that class,"[6] the standard regarding the contemplation of an event that would otherwise

_____

[6]  OCGA § 53-4-48 (b).

7

serve to invalidate a will remains the same. Pursuant to that standard, the language used in the will at issue in this case cannot be deemed to indicate a contemplation of after-born children, either by making a beneficial provision for them or by expressly disinheriting them.

The same revocation rule that applies to a will after the birth of children to the testator applies to the testator's marriage after the making of a will, and in such a case, "to avoid revocation of a will by a subsequent marriage, it must appear in clear and unmistakable terms that the testator contemplated the event of a future marriage and made some reference to that event." (Citation and punctuation omitted.) *Johnson v. Cromer*, 234 Ga. 73, 74 (214 SE2d 644) (1975). Consequently, we may look to subsequent marriage cases to provide authority by analogy. In *Evans v. Palmour*,[7] the testator's will expressly stated it was made in contemplation of marriage, and that in such an event "'it is my intention that this will be valid and not be revoked by operation of law.'" The testator married several years later to one he did not know at the time the will was executed, and divorced that spouse before he died. Nevertheless, this unambiguous provision for the contingency of a future marriage resulted in the will being deemed valid

---

[7] 274 Ga. 283 (553 SE2d 585) (2001).

8

upon the testator's death. *Palmour*, supra, 274 Ga. at 285 (1). By contrast, in *Johnson v. Cromer,* supra, the will left the testator's entire estate to his siblings and the siblings of his deceased wife, and it contained the following language: "I declare that except as provided in this will, I have intentionally omitted to provide herein for any of my heirs living at the time of my death." (Punctuation omitted.) 234 Ga. at 73. The testator later married without revising his will, and his surviving wife challenged the will on several grounds, including the assertion that it was revoked by his subsequent marriage. This Court determined that the provision in the will disinheriting all heirs not expressly provided for was insufficient to show the testator contemplated a future marriage. Id.

Likewise, the reference in the will now under consideration to "my dependents" in the context of directing the personal representative to check on the availability of survivor benefits is insufficient to show the testator contemplated future-born children. It does not meet the "essential basic requirement" of showing that the event of future-born children was in the testator's mind at the time the will was executed. See *Williams v. Lane*, 193 Ga. 306, 311 (2) (18 SE2d 481) (1942) (holding that because the testatrix's will did not meet the "essential basic requirement" of showing the event of a

9

future marriage was contemplated, her subsequent marriage revoked the will).

By comparison, an example of language that was found to have clearly contemplated the birth of after-born children can be seen in a will provision bequeathing all the testator's property to her husband "notwithstanding I may have a child or children living at my death . . . ." (Punctuation omitted.) *Shackelford v. Washburn*, supra, 60 S. at 318 (applying a statute noted to be similar to that of Georgia's). The language used in the will at issue in this case, however, did not clearly contemplate the birth of the testator's after-born children. Consequently, the probate court did not err in finding the testator's will was not made in contemplation of future children and was thus invalidated by the birth of children after the execution of the will.

2. Appellant's assertion that the caveat filed by the court-appointed estate administrator was untimely, and that the administrator lacked standing to file it, lacks merit. Although the testator's children were represented by guardians ad litem and the petition to probate the will was served on them no later than February 5, 2008, the estate remained unrepresented until an administrator was appointed on May 29, 2008. Within twenty-four hours after appointment, the administrator filed a caveat to the will. Accordingly,

the filing was timely pursuant to the requirement of OCGA § 53-11-10 (a) stating that any objection to a proceeding in probate court is required to be filed no later than ten days after the date the person filing the objection is personally served.

Moreover, the court-appointed administrator has standing in this case to file a caveat to contest the will.

> The question of who has standing to caveat a will has been determined on a case by case basis, the general statement of the rule being that a will may be contested by any person interested in the estate of the deceased, but cannot be contested by strangers. [Cits.]

(Citation and punctuation omitted.) *Medican v. Parker*, 283 Ga. 253, 254 (1) (657 SE2d 234) (2008) (holding a testamentary trustee under an earlier will has standing to oppose what purports to be a later will). In its order following a status conference in this matter, the probate court declined to appoint appellant as personal representative of the estate, noting that the validity of the will was in question and that the assets of

11

the estate may not have been properly protected since many items belonging to the estate were lost or sold. The court stated it would reserve ruling on the will's validity at that time and appointed the County Administrator as the administrator of the estate. In this case, the appointed administrator of the estate possesses a clear interest in the estate, and thus he had standing to file a caveat to the will.

Judgment affirmed. All the Justices concur.

Decided September 13, 2017.

Wills. Clayton Probate Court. Before Judge Ferguson.

<u>Russell H. Hippe III</u>, for appellant.

<u>Elizabeth W. Winfield; Brown & Romeo, Robert T. Romeo</u>, for appellees.